IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF IOWA, ex rel. SUSAN THAYER, individually, | | Civil Case Number: 4:11-cv-00129-JAJ-CFB |
| Plaintiffs, | | |
| v. | | **ORDER** |
| PLANNED PARENTHOOD OF THE HEARTLAND, INC., | | |
| Defendant. | | |

This matter comes before the Court pursuant to Defendant Planned Parenthood of the Heartland's (Planned Parenthood's) Motion to Dismiss filed on October 29, 2012. Dkt. No. 31. Plaintiff-Relator Susan Thayer (Thayer) filed a resistance on November 15, 2012, Dkt. No. 32, and Planned Parenthood replied on November 30, 2012. Dkt. No. 38. For the reasons discussed below, Planned Parenthood's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

This case involves claims brought under the federal False Claims Act (FCA) and the Iowa False Claims Act (IFCA). *See* 31 U.S.C. §§ 3729-3733; Iowa Code §§ 685.1-685.7. In the Second Amended Complaint, Thayer alleges that Planned Parenthood submitted false or fraudulent claims for Medicaid reimbursement to the United States and Iowa governments in violation of both the FCA and IFCA. Specifically, Thayer asserts that Planned Parenthood operated four fraudulent "schemes" designed to increase its revenue by systematically submitting fraudulent Medicaid reimbursement claims for prescriptions and services that were not reimbursable–or not reimbursable in the amount claimed–under federal and state law. Each of the four schemes is alleged in four separate counts in the Second Amended

Complaint.

These schemes include allegations that Planned Parenthood: (1) fraudulently billed Medicaid for birth control pills that were either not used by Planned Parenthood patients or not properly prescribed; (2) fraudulently billed Medicaid for abortion-related services in violation of federal law; (3) fraudulently billed Medicaid for the full amount of services that had already been partially paid for by patients; and (4) fraudulently billed Medicaid for more expensive services than were actually performed.   In the Second Amended Complaint, Thayer alleges that the frauds occurred "[f]rom at least January 1, 1999, to . . . the present," Dkt. No. 20, ¶ 42, though in Thayer's resistance to Planned Parenthood's motion to dismiss she claims the frauds took place from "early 2006 to December 2008," Dkt. No. 32, ¶ 2. While the Second Amended Complaint details the nature of these four schemes, it does not provide any particular examples of individual fraudulent claims Planned Parenthood allegedly submitted to the government.

Planned Parenthood moves to dismiss the Complaint on three independent grounds. First, it argues that the Complaint fails to meet Federal Rule of Civil Procedure 9(b)'s specificity requirement because the Second Amended Complaint alleges only general "schemes" to submit false claims without identifying any particular false claim submitted to or paid by the government.   Second, it argues that Thayer's claims are based on alleged regulatory violations, which cannot constitute FCA claims.   Third, it argues that Thayer failed to file the Second Amended Complaint under seal, and the Court should therefore dismiss it with prejudice.

Thayer resisted Planned Parenthood's motion to dismiss, arguing that the Second Amended Complaint pleaded the alleged frauds with sufficient detail to place Planned Parenthood on notice of her claims and to allow Planned Parenthood to adequately respond to the allegations.   Thayer also argues that Planned Parenthood was legally required to comply with various Medicaid regulations as a condition of receiving reimbursements.   On the issue of filing the Second Amended Complaint under seal, Thayer argues that the sealing

requirement does not apply to complaint amendments and that, in any event, the Second Amended Complaint's allegations all derive from the same fraudulent schemes pleaded in the original Complaint.  Finally, Thayer requests the opportunity to amend her Second Amended Complaint if the Court does not deny the motion to dismiss.

Notably, Thayer's resistance does not provide any additional detail about the alleged frauds that was not already provided in the Second Amended Complaint.  It does not allege a single example of a fraudulent claim Planned Parenthood allegedly submitted to the government.  It does not even suggest that Thayer would be able to allege additional facts if permitted to amend the Second Amended Complaint.  Instead, Thayer's resistance merely reasserts a condensed version of the four fraudulent schemes alleged in the Second Amended Complaint and argues that the detail with which Thayer plead the schemes is sufficient to put Planned Parenthood on notice of Thayer's claims.

## II. PLEADING STANDARDS UNDER THE FALSE CLAIMS ACT

"The False Claims Act imposes liability on those who present false claims, or cause false claims to be presented, to the government for payment or approval . . . ."  *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (citing 31 U.S.C. § 3729(a)(1)-(3)).  "The Act's qui tam provisions permit private persons, relators, to sue for violations 'in the name of the government' and recover a share of the proceeds if the suit is successful."  *Id.* (citing 31 U.S.C. § 3730(b), (d)).  The Act "is intended to encourage individuals who are either close observers or involved in the fraudulent activity [against the government] to come forward . . . ."  *U.S. ex rel. Kinney v. Stoltz*, 327 F.3d 671, 674 (8th Cir. 2003).  To establish a *prima facie* case under the FCA, a plaintiff must show that "(1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent."  *Raynor*, 690 F.3d at 955.

"Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b)." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). Federal Rule of Civil Procedure 9(b) establishes a heightened pleading requirement for fraud cases. It provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that defendants be provided a higher degree of notice in fraud claims than in other cases. *Joshi*, 441 F.3d at 556. To satisfy Rule 9(b)'s requirements, an FCA "complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Id.* In other words, the complaint must state the "who, what, where, when, and how" of the alleged fraud. *Id.* (citations omitted).

Rule 9(b)'s specificity requirements are no less stringent in cases involving wide-reaching fraudulent schemes. *See id.* at 557. It is not sufficient for an FCA plaintiff to allege that a defendant's "fraudulent schemes were pervasive and wide-reaching in scope" such that "the defendant[] *must* have submitted fraudulent claims." *Id.* (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1013 (11th Cir. 2005) (per curiam)) (emphasis added). It is also not sufficient to claim that a defendant's fraudulent scheme effectively made *every* claim submitted to the government false. *See id.* Instead, allegations of "systematic practice[s]" must be supported by specific details. While Rule 9(b) does not require an FCA plaintiff "to allege specific details of *every* alleged fraudulent claim forming the basis of [the] complaint," a plaintiff "must provide *some* representative examples of [a defendant's] alleged fraudulent conduct, specifying the time, place, and content of [its] acts and the identity of the actors." *Id.* In short, an FCA complaint cannot be devoid "of a single specific instance of fraud." *Id.*

In *U.S. ex rel. Joshi v. St. Luke's Hospital*, the Eighth Circuit Court of Appeals discussed Rule 9(b)'s specificity requirement in the context of an FCA claim involving alleged Medicaid reimbursement fraud. The plaintiff in *Joshi* alleged that the defendants–a

doctor and hospital–conspired in a fraudulent scheme to submit false Medicaid reimbursement claims. *Id.* at 554. In allegations strikingly similar to those in this case, Joshi specifically claimed that the defendants billed Medicaid for work that was not performed and supplies that were not used, over-charged Medicaid for work that was performed, failed to follow appropriate medical procedures, falsely certified nurses' work, and failed to supervise work that was being reimbursed in violation of state law. *Id.* Despite the allegation that the defendants engaged in a "systematic practice . . . to submit fraudulent claims over a sixteen-year period," the Eighth Circuit affirmed the district court's decision to dismiss the claim for lack of specificity. *Id.* at 554, 557.

Central to the *Joshi* decision was what the plaintiff's complaint lacked. The complaint failed to meet Rule 9(b)'s specificity requirements because it failed to mention

> (1) the particular CRNAs who allegedly performed patient care and administered anesthesia services unsupervised, (2) when [the defendant doctor] falsely claimed to have supervised or directed CRNAs, (3) who was involved in the fraudulent billing aspect of the conspiracy, (4) what services were provided and to which patients the services were provided, (5) what the content was of the fraudulent claims, (6) what supplies or prescriptions were fraudulently billed and to which patients the supplies or prescriptions were provided, (7) what dates the defendants allegedly submitted the false claims to the government, (8) what monies were fraudulently obtained as a result of any transaction, or (9) how [the plaintiff], an anesthesiologist, learned of the alleged fraudulent claims and their submission for payment.

*Id.* at 556. And the *Joshi* complaint failed to plead "a single, specific instance of fraud, much less any representative examples." *Id.* at 557. The *Joshi* complaint's shortcomings illustrate the level of particularity required in FCA pleadings.

Understandably, it may be difficult for an FCA plaintiff to identify particular, representative examples of a defendant's long-running fraudulent scheme. But while the law recognizes that an FCA plaintiff bears a "difficult burden" in constructing a complaint based on a fraudulent scheme, "such a burden is not . . . an impossible hurdle to overcome." *Id.* at 560 (internal quotation marks omitted). And "neither the Federal Rules nor the [FCA] offer

any special leniency" to plaintiffs who fail to plead their complaints with the necessary specificity in fraudulent scheme cases.  *Id.*

### III. DISCUSSION

Like the complaint in *Joshi*, Thayer fails to plead her FCA claim with the necessary level of specificity.  Thayer's Second Amended Complaint alleges that Planned Parenthood engaged in "fraudulent schemes" (*see, e.g.*, Dkt. No. 20 at 9 and ¶ 45) to collect Medicaid reimbursements to which it was not entitled.  In total, Thayer describes four different fraudulent schemes in the Second Amended Complaint, one in each of the four counts.  And Thayer pleads an amount of damages for each scheme based on Planned Parenthood's aggregate activities, rather than any individual false claims.  *See* Dkt. No. 20, ¶¶ 84, 91, 107, 117.  The Second Amended Complaint certainly describes many aspects of Planned Parenthood's alleged fraudulent schemes in detail, but that detail provides only a bird's eye view of how Planned Parenthood allegedly operated its schemes; it does not provide the type of ground-level specifics regarding *particular fraudulent claims* demanded by Rule 9(b).

Notably, Thayer's 126-paragraph Second Amended Complaint fails to provide a single specific example of a particular fraudulent claim Planned Parenthood submitted to the government, let alone any representative examples.  It fails to identify any particular false claim submitted to the government, any particular date on which Planned Parenthood committed fraud, any particular patient related to fraudulent claims, any particular instance in which regulations were violated, any particular caretaker who falsely reported information, or any particular claim that the government wrongly paid.  Even after Planned Parenthood's motion to dismiss challenged the Second Amended Complaint's specificity, Thayer's resistance failed to proffer *any* additional, specific instances of Planned Parenthood's alleged fraud.  Instead, Thayer's resistance merely restates truncated versions of the "four fraud schemes" discussed in the Second Amended Complaint.  *See* Dkt. No. 32-1 at 10 (using the term "four fraud schemes").

Thayer's argument that the Second Amended Complaint "provides more than enough detail to place Planned Parenthood on notice of its frauds" thereby satisfying "both the particularity and policy objectives of Rule 9(b)" is unavailing. *See* Dkt. No. 32, ¶¶ 3-4. Even assuming Thayer's Second Amended Complaint did satisfy Rule 9(b)'s policy objectives–which it does not–the law in this Circuit does not suggest that an FCA plaintiff can eschew *Joshi*'s "representative examples" requirement as long as she can otherwise satisfy Rule 9(b)'s objectives.  Rather, *Joshi* makes clear that providing specific examples of fraudulent claims in a fraudulent scheme case is a necessary precondition to meeting Rule 9(b)'s heightened pleading requirements.  To allow an FCA plaintiff alternative routes to meeting Rule 9(b)'s requirements would be to give that plaintiff "special leniency," which *Joshi* specifically forbids.  *See Joshi*, 441 F.3d at 560.  These are the same reasons Thayer may not escape *Joshi*'s particularly requirements simply by claiming that Thayer's position at Planned Parenthood gives her claims a higher "indicia of reliability."  *See* Dkt. No. 32-1 at 10.

Moreover, Thayer's Second Amended Complaint does not satisfy Rule 9(b)'s policy goals.  Rule 9(b)'s purpose is to "facilitat[e] a defendant's response to and preparation of a defense to charges of fraud . . . ."  *Commercial Prop. Investments, Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 646 (8th Cir. 1995).  Generally asserting that a defendant engaged in a fraudulent scheme over the course of two or more years does little to alert that defendant to the specific instances of fraud on which an FCA claim is based.  While Thayer's Second Amended Complaint may provide Planned Parenthood with notice of the particular schemes Thayer claims are fraudulent, it fails to notify Planned Parenthood of any particular Medicaid reimbursement claims that Planned Parenthood should be prepared to defend.

Thayer's Second Amended Complaint fails to plead even "a single, specific instance of fraud, much less any representative examples."  *See Joshi*, 441 F.3d at 557.  While many of Thayer's allegations are detailed, none highlight a specific false claim that Planned Parenthood allegedly submitted to the government.  Because Rule 9(b) and *Joshi* require that an FCA plaintiff plead representative examples of an alleged fraudulent scheme, Thayer's

Second Amended Complaint cannot survive Planned Parenthood's motion to dismiss. Therefore, the Court grants Planned Parenthood's.

### IV. THAYER'S REQUEST FOR LEAVE TO AMEND

Thayer requests–in a single concluding paragraph–that the Court allow her the opportunity to amend her Second Amended Complaint in the event that the Court finds it to be deficient. *See* Dkt. No. 32, ¶ 6. But Thayer has already amended her original Complaint twice. And even in the face of Planned Parenthood's motion to dismiss, Thayer has not proposed any specific amendments that might alleviate the Second Amended Complaint's defects. Instead, Thayer's resistence to Planned Parenthood's motion to dismiss merely restates the allegations in the Second Amended Complaint. Because Thayer has thus far failed to describe any amendments she could submit to cure the Second Amended Complaint, her request for leave to amend is denied. *See U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (affirming the denial of a plaintiff's request to amend an FCA complaint where the plaintiff requested leave in a concluding paragraph and failed to describe any proposed amendments).

Additionally, Thayer's request for leave to amend (presumably made under Federal Rule of Civil Procedure 15(a)(2)) does not comply with Local Rule 15, which provides that "[a] party moving to amend or supplement a pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) or (d) must describe in the motion the changes sought, and must electronically attach to the motion and file under the same docket entry the proposed amended or supplemented pleading." Thayer's resistance motion does not describe any changes sought, nor were any proposed changes electronically attached. Thus, Thayer's request is independently denied for failing to follow local procedures. *See Raynor*, 690 F.3d at 958 ("A district court does not abuse its discretion in denying leave to amend when a plaintiff has not submitted a proposed amended pleading in accord with a local procedural rule.").

## V. CONCLUSION

Upon the foregoing,

**IT IS ORDERED** that Planned Parenthood's Motion to Dismiss Thayer's Second Amended Complaint is **GRANTED** and the Second Amended Complaint is **DISMISSED**. Thayer's request for leave to amend the Second Amended Complaint is **DENIED**. The Clerk shall enter judgment accordingly.

**DATED** this 28th day of December, 2012.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA