UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION
_____

| | |
|---|---|
| UNITED STATES and STATE OF IOWA ex rel. SUSAN THAYER, <br><br> Plaintiffs, <br><br> v. <br><br> PLANNED PARENTHOOD OF THE HEARTLAND, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:11-cv-00129-JAJ-CFB |

_____

**RELATOR SUSAN THAYER'S MOTION TO EXCLUDE OR STRIKE
EXHIBITS ATTACHED TO DEFENDANT PLANNED PARENTHOOD
OF THE HEARTLAND'S RULE 12(b)(6) MOTION TO DISMISS**
_____

Plaintiff-Relator Susan Thayer ("Thayer"), by and through her undersigned counsel, moves the Court, pursuant to F.R.Civ.P. 12(d) and (f), to enter its order excluding or striking certain matters referred to in Defendant Planned Parenthood of the Heartland's ("Planned Parenthood") Rule 12(b)(6) Motion to Dismiss ("MTD") and certain exhibits attached thereto (Docs. 66 and 67). In support hereof, Thayer states as follows:

1. Planned Parenthood's MTD was filed in response to Thayer's Third Amended Complaint ("TAC") (Doc. 63).

2. Thayer's TAC alleges that Planned Parenthood violated the federal False Claims Act, 31 U.S.C. § 3729 et seq., and the Iowa False Claims Act, Iowa Code Ann. § 685 et seq., by filing false Title XIX Medicaid claims with federal-state Medicaid authorities, *i.e.,* Iowa Medicaid Enterprise and/or Iowa Family Planning Network **between the period January 1, 2006 and**

1

**December 31, 2008**.

3.  Facts and exhibits set forth in or attached and incorporated in Planned Parenthood's MTD are irrelevant and immaterial to facts or exhibits referred to or otherwise embraced in Thayer's TAC. Planned Parenthood acknowledges in its MTD that it was required to comply with applicable Title XIX-Medicaid laws and regulations during **the period January 1, 2006 and December 31, 2008**. However, its MTD states facts and attaches exhibits/regulations that are either irrelevant to the Title XIX-Medicaid program or were promulgated and thus effective well after the period between **January 1, 2006 and December 31, 2008** and are thus irrelevant and immaterial to facts or exhibits referred to or otherwise embraced in Thayer's TAC.

4.  Specifically and as is more fully described in Thayer's Brief in support of her Motion to Exclude or Strike filed concurrently herewith:

    a.  Exhibit A to Planned Parenthood's MTD specifies that it was promulgated and effective on and after **September 1, 2011**. Though it does apply to the Title XIX-Medicaid program, it is inapplicable to allegations that Planned Parenthood filed false Title XIX Medicaid claims between **January 1, 2006 and December 31, 2008** as it was not in force and effect during this period of time.

    b.  Exhibits B (promulgated and effective **March 1, 2011**) and E (promulgated and effective **May 2009**) to Planned Parenthood's MTD are regulations which were not in force and effect during the period between **January 1, 2006 and December 31, 2008**. Moreover, these exhibits/regulations are not relevant to the allegations in Thayer's TAC that Planned Parenthood filed false claims with federal-state Title XIX Medicaid authorities, *i.e.,* Iowa Medicaid Enterprise and/or Iowa Family Planning Network. Rather, these exhibits/regulations relate to the federal Title X grant program and to the regulatory requirements of the Family Planning Council of Iowa which administers the

        Title X grant program in Iowa.

    c. Exhibit C to Planned Parenthood's MTD is a Centers for Disease Control and Prevention MMWR report dated **April 25, 2014**. This exhibit was created after the relevant time period alleged in Thayer's TAC (*i.e.,* **January 1, 2006 to December 31, 2008**) and, in any event, is not a "public document" properly subject to judicial notice pursuant to FRE 201, is subject to reasonable dispute, is an inadmissible hearsay document in the nature of an expert report admissible, if at all, only pursuant to FRE 702 and 703. *See also* FRE 801, 802, et seq. This document has not previously been disclosed by Planned Parenthood to Thayer as an expert report nor has it otherwise been presented to Thayer or this Court in accord with the requirements of F.R.Civ.P. 26(a)(2). Moreover, there has as yet been no discovery on any fact alleged in Thayer's TAC.

5. Though it has not specifically requested the Court to take judicial notice of the exhibits attached to its MTD, it appears that Planned Parenthood expects that the Court will do so. Therefore, in addition to the foregoing objections, Thayer objects to these exhibits as Planned Parenthood has not properly proceeded for judicial notice purposes pursuant to FRE 201. As a result, Exhibits A, B, C, and E attached to Planned Parenthood's MTD are not the kinds of exhibits (or facts) that may (or even must) be judicially noticed pursuant to FRE 201 2(b).[1]

---

[1] Thayer's Motion to Exclude or Strike does not seek to exclude or strike Exhibit D to Planned Parenthood's MTD. Exhibit D is a relevant Title XIX-Medicaid regulation promulgated and effective on and after October 1, 2001 and thus relevant to certain of the allegations of Thayer's TAC. While Thayer has no objection to the Court taking judicial notice of Exhibit D, as argued in Thayer's supporting brief submitted concurrently herewith, the issues raised by Exhibit D present complex questions of fact and law concerning billing for fragmented or unbundled abortion-related services which cannot be properly addressed in the context of a motion to dismiss and which will require substantial discovery to develop. Thayer reserves the right to expand on this argument in her Resistance should the Court not grant Thayer's Motion to Exclude or Strike.

6. A Rule 12(b)(6) motion to dismiss is designed to test the pleadings - here, Thayer's TAC. Thus, with few narrow exceptions, the Court may not consider materials outside the pleadings. If, in deciding a Rule 12(b)(6) motion, the Court is presented with and does not exclude irrelevant and immaterial matters and exhibits which are outside the four corners of Thayer's TAC, the Court may convert the Rule 12(b)(6) motion to a Rule 56 motion for summary judgment. *See Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1150-51 (8th Cir. 2012). That would be an inappropriate result here as there has been no discovery in this case to date and there are clearly material facts in dispute between the parties.

7. Thus, Rule 12(d), upon which Thayer relies for her Motion to Exclude or Strike, envisions that Thayer may properly move to exclude or strike matters outside the four corners of Thayer's TAC so as to assure that Planned Parenthood's MTD is not treated by the Court as a Rule 56 motion for summary judgment and Thayer is deprived of an opportunity to conduct discovery. In addition, Rule 12(f), upon which Thayer also relies for her Motion to Exclude or Strike, provides the procedural mechanism for such a motion to exclude or strike such irrelevant and immaterial matters and exhibits.

8. In view of the foregoing and that references to the Title X program or to regulations not in force or effect during the time period relevant to Thayer's TAC are irrelevant and immaterial to any facts or exhibits (Exhibits A, B, and E) alleged or otherwise embraced in Thayer's TAC, coupled with the fact that Planned Parenthood seeks judicial notice of an exhibit (Exhibit C) which is subject to reasonable dispute and to which judicial notice pursuant to FRE 201 may not be properly accorded, Thayer cannot intelligently address the assertions in Planned Parenthood's MTD in a Resistance until the Court rules on Thayer's Motion to Exclude or Strike.

9. **LR 7(l) Statement of Defendant's Position.** Pursuant to LR 7(l), Thayer's undersigned counsel has consulted and conferred in good faith with Planned Parenthood's counsel, to wit: Tiffany L. Amlot, both via email and telephonically, about this motion and the relief requested herein. Planned Parenthood's counsel has advised Thayer's undersigned counsel that Planned Parenthood opposes this motion and the relief requested herein.

However, all counsel agree that Thayer's current deadline of January 7, 2015 by which to file her Resistance to Planned Parenthood's MTD should be vacated and further briefing on Planned Parenthood's MTD should be deferred until the Court has ruled on Thayer's Motion to Exclude or Strike.

In addition, due to the Christmas holidays and travel commitments of counsel, all counsel have agreed to the following proposed schedule on Thayer's Motion to Exclude or Strike:

1. Planned Parenthood shall file its response to Thayer's Motion to Exclude or Strike on or by January 20, 2015.

2. Thayer shall file her reply, if any, to Planned Parenthood's response to Thayer's Motion to Exclude or Strike on or by February 10, 2015.

WHEREFORE, Plaintiff-Relator Susan Thayer respectfully pleads that the Court:

1. Grant Thayer's Motion to Exclude or Strike irrelevant and immaterial facts and exhibits that are not within the four corners of Thayer's TAC, *i.e.,* all references to the Title X program and Exhibits A, B, D, and E or any other law or regulation not applicable to the time period relevant to Thayer's TAC.

2. Grant Thayer's Motion to Exclude or Strike Exhibit C to Planned Parenthood's MTD insomuch as it not a public document which may properly be judicially noticed by the Court pursuant to FRE 201.

3. Establish the following briefing schedule relating to Thayer's Motion to Exclude or Strike:

   a. Planned Parenthood shall file its response to Thayer's Motion to Exclude or Strike on or by January 20, 2015.

   b. Thayer shall file her reply, if any, to Planned Parenthood's response to Thayer's Motion to Exclude or Strike on or by February 10, 2015.

4. Vacate the current due date of January 7, 2015 by which Thayer is to file her Resistance to Planned Parenthood's MTD.

5. Establish a briefing schedule on Planned Parenthood's MTD when the Court rules on Thayer's Motion to Exclude or Strike.

6. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of December, 2014.

                                           Attorney for Plaintiff-Relator:

                                           s/ Michael J. Norton
                                           Michael J. Norton, *pro hac vice*
                                           Natalie L. Decker, *pro hac vice*
                                           Alliance Defending Freedom
                                           7951 E. Maplewood Avenue, Suite 100
                                           Greenwood Village, CO 80111
                                           (O) 720-689-2410
                                           (F) 303-694-0703
                                           Email: mjnorton@alliancedefendingfreedom.org

J. Russell Hixson
Hixson & Brown, P.C.
160 S. 68th Street, Suite 1108
West Des Moines, IA 50266
(O) 515-222-2620
Email: rhixson@hixsonbrown.com

Steven H. Aden, *pro hac vice*
M. Casey Mattox, *pro hac vice*
Alliance Defending Freedom
801 G Street, NW, Suite 509
Washington, D.C. 20001
(O) 202-393-8690
(F) 202-347-3622
Email: sadden@alliancedefendingfreedom.org
Email: cmattox@alliancedefendingfreedom.org

APPROVED AS TO BRIEFING SCHEDULE
AND DATES SET FORTH ABOVE:

s/ Tiffany L. Amlot
Tiffany L. Amlot
Attorney for Defendant Planned Parenthood
of the Heartland, Inc.
DENTONS US LLP
233 S. Wacker Drive, Suite 7800
Cjocagp. O: 60606
(O) 312-876-8000
Email: tiffany.amlot@snrdenton.com

**CERTIFICATE OF SERVICE**

I, Michael J. Norton, hereby certify that on the 22nd day of December, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record:

s/ Michael J. Norton