UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES and STATE OF IOWA ex rel. SUSAN THAYER, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 4:11-cv-00129-JAJ-CFB |
| v. | ) ) | |
| PLANNED PARENTHOOD OF THE HEARTLAND, INC., | ) ) ) | |
| Defendant. | ) | |

## RELATOR SUSAN THAYER'S BRIEF IN SUPPORT OF HER MOTION TO EXCLUDE OR STRIKE CERTAIN MATTERS IN AND EXHIBITS ATTACHED TO DEFENDANT PLANNED PARENTHOOD OF THE HEARTLAND'S RULE 12(b)(6) MOTION TO DISMISS

Michael J. Norton, *pro hac vice*
Natalie L. Decker, *pro hac vice*

J. Russell Hixson

Steven H. Aden, *pro hac vice*
M. Casey Mattox, *pro hac vice*

**Attorneys for Plaintiff-Relator Susan Thayer**

**TABLE OF CONTENTS**

I.   Introduction……………………………………………………………………………..1

    A.  The Claims for Relief in Thayer's TAC………………………………….…………1

        1.  First Claim for Relief …………………………………………………...............2

        2.  Second Claim for Relief …………………………………………….…………..2

        3.  Third Claim for Relief……………………………………………….................3

    B.  Matters in Planned Parenthood's MTD……………………………………………..3
        which must be excluded or stricken

    C.  Planned Parenthood should be ordered to…………………………………............ 5
        File an amended motion to dismiss

II.  Irrelevant Matters Referred to in Planned…………………………………….................... 5
    Parenthood's MTD

III. Matters Alleged in Thayer's TAC……………………………………………............... 8

IV. Standard of Review……………………………………………………………............. 10

V.  Argument…………………………………………………………………………..…13

    A.  The matters specified in Section II, *supra,* should…………………………………13
        be excluded stricken pursuant to F.R.Civ.P. 12 (d) and (f)

    B.  Consideration of these extrinsic matters will…………………………….............15
        have the improper effect of converting Planned
        Parenthood's MTD to a motion for summary judgment

VI. Conclusion……………………………………………………………………............15

# TABLE OF AUTHORITIES

**Cases:**

*Am. Prairie Constr. Co. v. Hoich,*………………………………………….…...……………11
560 F.3d 780 (8th Cir. 2009)

*Ashanti v. City of Golden Valley,*………………………………………………………………..12
666 F.3d 1148 (8th Cir. 2012)

*BJC Health System v. Columbia Casualty Company,*………………………………………….12, 13
348 F.3d 685 (8th Cir. 2003)

*Cravens v. Smith,*………………………………………………………………………………...11
610 F.3d 1019 (8th Cir. 2010)

*Davis v. Scherer,*………………………………………………………………………………...10
468 U.S. 183 (1984)

*Erickson v. Pardus,*………………………………………………………………………….…….10
551 U.S. 89 (2007)

*Gibb v. World Book, Inc.,*…………………………………………………………………………14
958 F. 2d 814 (8th Cir. 1992)

*Goode v. LexisNexis Risk & Info. Analytics Group, Inc.,*………………………………………14
284 F.R.D. 238 (E.D. Pa. 2012)

*Hemingway v. First National Insurance Co.,*……………………………………………………..12
2014 WL 2864919 (D. Minn. 2014)

*Holloway v. Lockhart,*……………………………………………………………………………...11
813 F.2d 874 (8th Cir. 1987)

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,*…………………………11
146 F.3d 66 (2d Cir. 1998)

*Kaelsel v. Lockhart,*……………………………………………………………………………..12
746 F.2d 1323 (8th Cir. 1984)

*Layton v. United States,*……………………………………………………………………………12
919 F.2d 1333 (8th Cir. 1990)

*Nixon v. Coeur D'Alene Tribe,*……………………………………………………………………12
164 F.3d 1102 (8th Cir. 1999)

*Porous Media Corp. v. Pall Corp.,*………………………………………………………...12, 13
186 F.3d 1077 ( 8th Cir. 1999)

*Qualley v. Clo-Tex Int'l Inc.,*…………………………………………………………….….11
212 F.3d 1123 (8th Cir. 2000)

*Salahuddin v. Cuomo,*…………………………………………………………………………14
861 F.2d 40 (2d Cir. 1988)

*Scheuer v. Rhodes,*………………………………………………………..………………………10
416 U.S. 232 (1974)

*Stahl v. U.S. Dep't of Agric.,*…………………………………………………………………13
327 F.3d 697 (8th Cir. 2003)

*Swierkiewicz v. Sorema N. A.,*…………………………………………………………………10
534 U.S. 506 (2002)

*United States ex rel. Thayer v. Planned Parenthood,*………………………………………..1
765 F.3d 914 (8th Cir. 2014)

*United States v. Aceto Agr. Chemicals Corp.,*…………………………………………………10
872 F.2d 1373 (8th Cir.1989)

*United States v. Peck,*……………………………………………………………………...11
161 F.3d 1171 (8th Cir. 1998)

*Weitz v Lexington Insurance Co.,* …………………………………..…………………………13
2011 WL 3706497 (S.D. Iowa 2011)

*Woods v. Dugan,*……………………………………………………………………………..15
660 F.2d 379 (8th Cir. 1981) (*per curiam*)

**Statutes and Regulations:**

31 U.S.C. § 3729 et seq. ………………………………………………………….………1

Iowa Code Ann. § 685 et seq. …………………………………………………………………1

**Other Authorities:**

Rule 201, Federal Rules of Evidence…………………………………………………………4, 10

Rule 201(b), Federal Rules of Evidence………………………………………………10, 11

Rule 201(c), Federal Rules of Evidence…………………………………………………...10

Rule 201(e), Federal Rules of Evidence…………………………………………………11

Rule 201(f), Federal Rules of Evidence……………………………………………………10

Rule 702, Federal Rules of Evidence…………………………………………………..…7

Rule 703, Federal Rules of Evidence…………………………………………………..…7

Rule 801, Federal Rules of Evidence…………………………………………………..…7

Federal Rule of Civil Procedure 12(b)(6)……………………………………1, 8, 11, 12, 15

Federal Rule of Civil Procedure 12(d)………………………………………1, 11, 12, 13, 15

Federal Rule of Civil Procedure 12(f)……………………………………………..…1, 12, 15

Federal Rule of Civil Procedure 26(a)(2)………………………………………….…7, 14

Federal Rule of Civil Procedure 56…………………………………………..…11, 12, 14, 15

**Other sources:**

Family Planning Council of Iowa website……………………………………..…….4
https://www.fpcouncil.com/content/about/mission-vision

Iowa Medicaid Enterprise Department of Human Services………………………….…..7, 9
All Provider Manual

In support of her motion, pursuant to F.R.Civ.P. 12(d) and (f), for an order excluding or striking certain matters and exhibits referred or attached to in Defendant Planned Parenthood of the Heartland's ("Planned Parenthood") Rule 12(b)(6) Motion to Dismiss ("MTD") (Docs. 66 and 67), Thayer states as follows:

## I.     INTRODUCTION

### A.  The claims for relief in Thayer's TAC.

Thayer's Third Amended Complaint ("TAC") (Doc. 63) states three claims for relief as a result of false Title XIX-Medicaid claims filed by Planned Parenthood in violation of the federal False Claims Act, 31 U.S.C. § 3729 et seq., and the Iowa False Claims Act, Iowa Code Ann. § 685 et seq. *See* TAC, ¶¶ 1, 2, 4, 8 and 9.

Thayer's TAC, based on her more than 17 years of employment with Planned Parenthood from 1991 to December 2008 (*see* TAC, ¶ 11), alleges that, motivated by its perceived need to shore up declining revenues (*see, e.g.,* TAC, ¶ 57), Planned Parenthood filed false claims with federal-state Title XIX Medicaid authorities, *i.e.,* Iowa Medicaid Enterprise and/or Iowa Family Planning Network during the time period between **January 1, 2006 and December 31, 2008** (the "Relevant Time Period"). *See, e.g.*, TAC, ¶¶ 49, 55, 60, 62, 66, 79, 80, 81, 86, 107, 109. In her introduction to each claim for relief, Thayer states that each claim for relief alleges false claims to the Title XIX-Medicaid program. *See, e.g.,* TAC, ¶¶ 1, 13-21, 63-64, 86-91, 97-104, 107, 109-110, 113-116. Planned Parenthood's MTD acknowledges that "Thayer alleges that all of Planned Parenthood's clinics participated in these four fraudulent schemes from **early 2006 to December 2008**." *See* MTD, p. 3, FN 3 citing *United States ex rel. Thayer v. Planned Parenthood*, 765 F.3d 914, 916 (8th Cir. 2014) (emphasis added).

1

### 1.  First Claim for Relief.

In her First Claim for Relief, Thayer's TAC alleges that, during the Relevant Time Period, Planned Parenthood, using its "C-Mail Program" to enhance the volume of oral contraceptives and birth control patches distributed to Medicaid clients, filed false Title XIX-Medicaid claims with Iowa Medicaid Enterprise and/or Iowa Family Planning Network by distributing oral contraceptives or birth control patches (1) to clients for whom no valid doctor-patient relationship had been established; (2) to clients without or prior to a doctor or other authorized medical practitioner's order; (3) to clients who were never seen or examined by a doctor; (4) to clients in levels or amounts that were not medically reasonable or necessary; (5) to clients in amounts not consistent with professionally recognized standards of care and practice or in accord with relevant Title XIX-Medicaid regulations; (6) to clients in amounts that constituted abuse or overuse and not in accord with relevant Title XIX-Medicaid regulations; (7) to clients who, in many cases, never received them and, in many cases, were returned to Planned Parenthood, recycled to other clients, and re-billed to federal-state Title XIX-Medicaid authorities; or (8) were billed to federal-state Title XIX-Medicaid authorities and, in turn, reimbursed Planned Parenthood, at rates higher than the allowed rates and thus not in accord with relevant Title XIX-Medicaid regulations. Thayer's TAC, ¶¶ 47, 48-94.

### 2.  Second Claim for Relief.

In her Second Claim for Relief, Thayer's TAC alleges that, during the Relevant Time Period, in violation of federal and state Title XIX-Medicaid laws, including the Hyde Amendment which prohibits use of Title XIX-Medicaid funds to pay for or reimburse for abortions or any abortion-related services, Planned Parenthood knowingly and intentionally filed false Title XIX-Medicaid claims with Iowa Medicaid Enterprise and/or Iowa Family Planning Network for abortion-related products or services by knowingly and intentionally "fragmenting" or separated out abortion-related charges for products and services, including ultrasounds, office visits, Rh factor tests, lab work,

2

general counseling, and abortion aftercare, and fraudulently billing such abortion-related charges to Iowa Medicaid Enterprise and/or Iowa Family Planning Network. TAC, ¶¶ 95-107.

### 3. Third Claim for Relief.

In her Third Claim for Relief, Thayer's TAC alleges that, during the Relevant Time Period, in violation of federal and state Title XIX-Medicaid laws, Planned Parenthood essentially coerced Medicaid clients into making payments, styled as "donations," of at least $10 per client visit and, by failing to either offset the amounts collected against claims Planned Parenthood then filed with federal-state Title XIX-Medicaid authorities or to report the collection of such amounts to federal-state Title XIX-Medicaid authorities, filed false and inflated claims with Iowa Medicaid Enterprise and/or Iowa Family Planning Network in the amounts of the coerced "donations." TAC, ¶¶ 108-117.

In summary, each of Thayer's three claims for relief relate to false Title XIX-Medicaid claims filed by Planned Parenthood with federal-state Medicaid authorities during the Relevant Time Period.

### B. Matters in Planned Parenthood's MTD which must be excluded or stricken.

Planned Parenthood's MTD references matters and includes exhibits that are irrelevant and immaterial to the claims for relief alleged in Thayer's TAC. As a result, arguments made by Planned Parenthood related to those matters and exhibits are outside the four corners of Thayer's TAC and should be excluded or stricken.

Throughout its MTD, Planned Parenthood refers to the federal Title X grant program and to regulations promulgated by the Family Planning Council of Iowa, the entity which administers the Title X program in Iowa. *See, e.g.,* Exhibits B and E. However, Thayer's TAC alleges that Planned

3

Parenthood filed false Title XIX-Medicaid claims with Iowa Medicaid Enterprise and/or Iowa Family Planning Network.[1]

Moreover, Thayer's TAC alleges that false claims were filed during the period from **January 1, 2006 to December 31, 2008** (the "Relevant Time Period"). But, the "regulations" referred to in Exhibits A, B and E to Planned Parenthood's MTD were all promulgated months or years after this Relevant Time Period and are not applicable to the false Title XIX-Medicaid claims filed by Planned Parenthood with Iowa Medicaid Enterprise and/or Iowa Family Planning Network.

In addition, though it has not specifically requested it, it appears that Planned Parenthood expects that this Court will take judicial notice of its exhibits. While Planned Parenthood has not properly sought judicial notice of these exhibits pursuant to Rule 201 of the Federal Rules of Evidence, Planned Parenthood's Exhibit C attached to its MTD is subject to reasonable dispute and is not the kind of document (or facts) that may (or even must) be judicially noticed pursuant to FRE 201(b).[2]

---

[1] According to the Family Planning Council of Iowa website at https://www.fpcouncil.com/content/about/mission-vision, the Family Planning Council of Iowa administers the "Title X (ten) . . . National Family Planning program that provides reproductive health care to individuals seeking such care. In Iowa it is administered by the Family Planning Council of Iowa and the Iowa Department of Public Health at 80 clinic locations." In contrast, Thayer's TAC alleges frauds against the Title XIX-Medicaid programs administered by Iowa Medicaid Enterprise and Iowa Family Planning Network. Although Thayer's discovery may determine that Planned Parenthood has also defrauded the Title X program, Thayer may, at that point, seek to further amend her complaint.

[2] Thayer's Motion to Exclude or Strike does not seek to exclude or strike Exhibit D to Planned Parenthood's MTD. Exhibit D is a Title XIX-Medicaid regulation promulgated and effective on and after October 1, 2001 and thus is (or may be) relevant to the second claim for relief stated in Thayer's TAC. While Thayer has no objection to the Court taking judicial notice of this regulation at this time, as argued herein, the issues raised by this claim for relief present complex questions of fact and law concerning billing for fragmented or unbundled abortion-related services which cannot be properly addressed in the context of a motion to dismiss and which require substantial discovery to develop.

4

**C.  Planned Parenthood should be ordered to file an amended motion to dismiss.**

Because these irrelevant and immaterial matters make it extremely difficult for Thayer to intelligently address Planned Parenthood's existing MTD, Thayer respectfully requests that this Court grant this motion to exclude or strike inappropriate facts and materials that are not within the four corners of Thayer's TAC, order Planned Parenthood to file an amended motion to dismiss that addresses facts and materials within the four corners of Thayer's TAC, and provide Thayer with not less than twenty (20) days from the date such an amended motion to dismiss is filed (or, alternatively, twenty (20) days from the date upon which Thayer's motion to exclude or strike is denied) by which to file her resistance.[3]

## II.  IRRELEVANT MATTERS REFERRED TO IN PLANNED PARENTHOOD'S MTD

Planned Parenthood's MTD correctly relates that:

1.  Thayer's TAC states three claims for relief alleging that, during the period from **January 2006 to December 2008** (see motion to dismiss, at, *e.g.,* p. 3 and FN 3 and p. 9), Planned Parenthood violated the federal False Claims Act and the Iowa False Claims Act, with federal-state Title XIX-Medicaid authorities, *i.e.,* Iowa Medicaid Enterprise and/or Iowa Family Planning Network.

2.  Thayer's TAC alleges that Planned Parenthood filed false Medicaid claims for (1) dispensing of oral contraceptives and birth control patches; (2) fragmentation and billing for abortion-

---

[3] As is set forth in Thayer's motion concurrently filed herein, counsel for the parties, while disagreeing on the motion and relief requested herein, agree that the January 7, 2015 due date for Thayer's Resistance to Planned Parenthood's MTD should be vacated and the issues raised by this motion should be first resolved. Thayer's motion includes a schedule which has been agreed upon by counsel for the parties.

related products and services in violation of the Hyde Amendment; and (3) coercion of clients to make "donations" without either deducting such donations from amounts billed to federal-state Medicaid authorities or otherwise reporting such amounts to Medicaid authorities. *See* Planned Parenthood MTD, pp. 1-3.

3. With regard to the Title XIX-Medicaid program, Planned Parenthood "is subject to the applicable provisions of the Iowa Medicaid Provider Manual . . . [which] sets forth general standards of care for providers to ensure quality care, including that covered services be provided "in accordance with standards of good medical practice." *See* Planned Parenthood MTD, p. 2.

Notwithstanding Planned Parenthood's express acknowledgment in its MTD that (a) it must comply with relevant Title XIX-Medicaid regulations, (b) the Relevant Time Period is from January 1, 2006 to December 31, 2008, and (c) Thayer's TAC states claims for relief concerning Planned Parenthood's false Title XIX-Medicaid claims to Iowa Medicaid Enterprise and/or Iowa Family Planning Network, only one of the five exhibits attached to Planned Parenthood's MTD is relevant or material to Thayer's TAC. Exhibits A,  B, and E are not relevant and applicable Title XIX-Medicaid regulations and Exhibit C is not a public document which may properly be judicially noticed.

The irrelevant and immaterial matters and exhibits in Planned Parenthood's MTD are:

1. References in Planned Parenthood's MTD to the Title X federal grant program, the Family Planning Council of Iowa ("FCPI"), and/or FCPI regulations.[4] *See, e.g.,* Planned Parenthood's MTD, p. 2, and Exhibits B and E. In addition, even if Exhibits B and E did relate to the Title XIX-Medicaid program, which they do not, they were not in effect during any portion of the Relevant Time in Thayer's TAC.

---

[4] See FN 1, *supra.*

2.  Exhibit B: an excerpt from the FPCI Standing Orders effective on and after March 1, 2011 (**more than 2 years after the end of Relevant Time Period**) which is applicable to the federal Title X program and not to the federal-state Title XIX-Medicaid programs alleged in Thayer's TAC.

3.  Exhibit E: an excerpt from the FPCI Donation Policy effective on and after May 2009 (**5 months after the end of the Relevant Time Period**) which is applicable to the federal Title X program and not to federal-state Title XIX-Medicaid programs alleged in Thayer's TAC.[5]

4.  Exhibit A: an excerpt from the Iowa Department of Human Services All Providers Manual effective on and after September 1, 2011 (**2 ½ years after the end of the Relevant Time Period**) and thus not in effect during any portion of the Relevant Time in Thayer's TAC.

5.  Exhibit C: a Centers for Disease Control and Prevention MMWR report dated April 25, 2014 which was, on its face, created **more than five (5) years** after the end of the Relevant Time Period in Thayer's TAC and, in any event, is subject to reasonable dispute, is an inadmissible hearsay document in the nature of an expert report admissible, if at all, only pursuant to FRE 702 and 703. *See also* FRE 801 et seq. This document has not been previously disclosed to Thayer by Planned Parenthood nor has it otherwise been produced in accord with the requirements of F.R.Civ.P. 26(a)(2) or been subjected to any discovery. Moreover, Thayer disputes the validity of the premises for which Planned Parenthood appears to offer Exhibit C which premises can only be developed through expert testimony and discovery.

---

[5] Even if Exhibit E was applicable to the Title XIX-Medicaid program, it supports the factual allegations of Thayer's TAC that Planned Parenthood improperly coerced Title XIX-Medicaid clients into making payments to Planned Parenthood for services rendered to those clients and then did not account to Title XIX-Medicaid authorities for those payments.

Thus, references in Planned Parenthood's MTD to Title X and Exhibits A, B, C and E to Planned Parenthood's MTD are outside of the Relevant Time Period in Thayer's TAC or are not public records of which this Court may properly take judicial notice. These four (4) exhibits, as well as any assertions or arguments based on them, should be excluded or stricken.

### III. MATTERS ALLEGED IN THAYER'S TAC

As is relevant to this motion to exclude or strike, Thayer's TAC refers to or embraces the following documents or regulations of which Planned Parenthood could properly have requested that this Court take judicial notice and which would have been properly referenced in its Rule 12(b)(6) motion to dismiss:

1. Exhibit 1: Planned Parenthood's Iowa Medicaid Provider Agreement which provides, among other things, that Planned Parenthood was to be reimbursed only for "medically necessary goods and/or services actually and properly rendered . . . in accordance . . . with State law and the State policies and procedures set forth in the Iowa Medicaid Provider Manual."[6] Planned Parenthood's Iowa Medicaid Provider Agreement also provides that Planned Parenthood, as a condition of reimbursement, agreed to comply with all applicable "professional standards and levels of service" and ""applicable Federal and State laws, rules and written policies to the Iowa Medicaid program."[7] See TAC, ¶¶ 25-26, 28.

---

[6] See attached Exhibit 1, p. 2. ¶ 2.1 ("Department agrees to provide for payment of medically necessary goods and/or services to the Department-enrolled Medicaid member for all medically necessary goods and/or services actually and properly rendered by Provider in accordance with Federal and State law and the State policies and procedures set forth in the Iowa Medicaid Provider Manual.").

[7] See attached Exhibit 1, p. 1, ¶ 1.1 ("Provider agrees . . . to adhere to professional standards and levels of service as set forth in all applicable local, State and federal laws, statutes, rules and

Excerpts from the Iowa Medicaid Enterprise Department of Human Services All Provider Manual (which manual is fully incorporated into Thayer's TAC) which were in force and effect during the Relevant Time Period to Thayer's TAC, *i.e.*:

2. <u>Exhibit 2</u>: Page 30 dated March 1, 2008 and pages 24 and 25 dated July 1, 2005, attached hereto as Exhibit 2 which provide, among other things, that Planned Parenthood was required to maintain clinical records documenting: "[m]edical necessity of the services[;] [t]he services provided are consistent with the diagnosis of the patient's condition[; and t]he services are consistent with professionally recognized standards of care. . . . [and] must support claims submitted to Iowa Medicaid Enterprise." *See* TAC, ¶ 28.

3. <u>Exhibit 3</u>: Page 21 dated March 1, 2008 and Page 19 dated July 1, 2005 which provide, among other things, that "[p]ayment will not be made for medical care and services . . . [t]That are medically unnecessary or unreasonable[;] [t]hat fail to meet existing standards of professional practice, are currently professionally unacceptable . . .[;] [t]hat are fraudulently claimed[;] [or t]hat represent abuse or overuse. . ." *See* TAC, ¶ 30.

4. <u>Exhibit 4</u>: Page 26 dated March 1, 2008 and page 5 dated June 30, 2005 which provide that "[p]rescriptions will be reimbursed only if written or approved by the primary physician." *See* Thayer's TAC, ¶ 32.

For the purposes of Planned Parenthood's Rule 12(b)(6) MTD, these, and only these, documents and regulations are relevant to and are referred to or otherwise embraced in

---

regulations as well as administrative policies and procedures set forth by the Department relating to Provider's performance under this Agreement. . .).

Thayer's TAC. Also, because Planned Parenthood has failed to properly seek judicial notice pursuant to FRE 201 of these exhibits by this Court and because they are not relevant or material to Thayer's TAC, *i.e.,* Exhibits A, B, C, and E should be excluded or stricken.

## IV. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, a district court must limit itself to facts stated in the complaint or in documents attached to the complaint and to exhibits attached to or incorporated into the complaint by reference. The court must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff. *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 n. 1 (2002); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "The issue is not whether plaintiffs will ultimately prevail, but rather whether they are entitled to offer evidence in support of their claims." *United States v. Aceto Agr. Chemicals Corp.,* 872 F.2d 1373, 1376 (8th Cir.1989) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer,* 468 U.S. 183 (1984) (quotation marks omitted)).

A district court may also consider matters of which judicial notice may be taken under FRE 201 which are incorporated into or embraced in the complaint. Pursuant to FRE 201(b), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

While a court may take judicial notice at any stage of the proceeding whether or not the notice is requested by the parties, *see* FRE 201(c) and (f), "[b]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and

10

argument to attack contrary evidence, caution must be used in determining that a fact is

beyond controversy under Rule 201(b)." *Int'l Star Class Yacht Racing Ass'n v. Tommy*

*Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir.1998) (citations omitted); *see also Holloway v.*

*Lockhart,* 813 F.2d 874, 879 (8th Cir.1987) (citing FRE 201(b) advisory committee notes).

*See also* F.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6), matters outside the pleadings

are presented to and not excluded by the court, the motion must be treated as one for summary

judgment under Rule 56. All parties must be given a reasonable opportunity to present all the

material that is pertinent to the motion.").

Caution must be taken to avoid admitting evidence, through the use of judicial notice,

in contravention of the relevancy, foundation, and hearsay rules. *Am. Prairie Constr. Co. v.*

*Hoich,* 560 F.3d 780, 796-97 (8th Cir. 2009). *See also* FRE 201(e) ("A party is entitled upon

timely request to an opportunity to be heard as to the propriety of taking judicial notice and

the tenor of the matter noticed. In the absence of prior notification, the request may be made

after judicial notice has been taken.").

Likewise, a court may properly decline to take judicial notice of documents that are

irrelevant to the resolution of a case. *See, e.g., United States v. Peck,* 161 F.3d 1171, 1174 (8th

Cir.1998) ("The court . . . correctly declined to take judicial notice of other irrelevant

materials."); *Qualley v. Clo–Tex Int'l Inc.,* 212 F.3d 1123, 1128 (8th Cir. 2000) (finding that a

district court erred in using Rule 201 to take notice of facts that were not specific to the parties

before the court); *Cravens v. Smith,* 610 F.3d 1019, 1029 (8th Cir. 2010) citing *Am. Prairie*

*Constr. Co.,* 560 F.3d at 797 (courts are not required to take judicial notice of irrelevant

materials).

If a district court does consider additional materials not attached to the complaint as

11

exhibits or incorporated in the complaint by reference, Rule 12(d) requires the court to treat

the motion as one for summary judgment under Rule 56, giving the party opposing the motion

notice and an opportunity to conduct necessary discovery and to submit pertinent material.

*See Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1151 (8th Cir. 2012) ("Documents

necessarily embraced by the pleadings include 'documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to

the pleading.'"); *BJC Health System v. Columbia Casualty Company,* 348 F.3d 685 (8th Cir.

2003) (if "matters outside the pleading are presented to and not excluded by the court, the

motion shall be treated as one for summary judgment . . . and all parties shall be given a

reasonable opportunity to present all material made pertinent to such a motion by rule 56.");

*Layton v. United States,* 919 F.2d 1333, 1335 (8th Cir.1990); *Kaelsel v. Lockhart,* 746 F.2d

1323, 1324 (8th Cir. 1984) (*per curiam*) (a district court's failure to treat such additional

matters in motions as motions for summary judgment and to provide the parties with notice

and an opportunity to provide further materials requires reversal unless the failure constituted

harmless error).

## V.  ARGUMENT

### A. <u>The  matters specified in Section II, *supra*, should be excluded or stricken pursuant to F.R.Civ.P. 12(d) and (f).</u>

Generally, in considering a Rule 12(b)(6) motion to dismiss, a court may not consider matters

outside the pleadings. *Porous Media Corp. v. Pall Corp.,* 186 F. 3d 1077, 1079 ( 8th Cir. 1999). A

court may make exceptions for matters of public record, judicial orders, documents necessarily

embraced by the pleadings, and exhibits attached to the pleadings, as long as those documents do not

conflict with the complaint. *Id.; see also Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.

1999). *See also Hemingway v. First National Insurance Co.,* Slip Op., 2014 WL 2864919 at *3 (D.

Minn. 2014) ("A court may make exceptions for matters of public record, . . . documents necessarily embraced by the pleadings, and exhibits attached to the pleadings, as long as those document do not conflict with the complaint."). However, a court errs in relying on matters outside the pleadings that are not public documents. *BJC Health Sys.,* 348 F.3d at 687–88; *Stahl v. U.S. Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). As this Court acknowledged in *Weitz v Lexington Insurance Co.*, 2011 WL 3706497, FN7 (S.D. Iowa 2011) (citing *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999), the court "may consider matters in the public record and materials that are necessarily embraced by the pleadings".

As discussed in Section II, *supra,* Exhibits A, B, and E attached to Planned Parenthood's MTD are represented by Planned Parenthood as the relevant Title XIX-Medicaid regulations with which Planned Parenthood was obliged to comply in filing claims with Iowa Medicaid Enterprise and/or Iowa Family Planning Network during the Relevant Time Period. But, these exhibits were obviously promulgated and effective after the Relevant Time Period and/or are clearly not applicable to false claims filed by Planned Parenthood with Iowa Medicaid Enterprise and/or Iowa Family Planning Network during the Relevant Time Period, all as alleged in Thayer's TAC, nor are they referred to nor otherwise embraced, explicitly or implicitly, in Thayer's TAC. Thus Exhibits A, B, and E attached to Planned Parenthood's MTD should be excluded or stricken.

Thayer acknowledges that this Court, pursuant to FRE 201, may properly take judicial notice of public records and laws or regulations applicable to the allegations in Thayer's TAC. However, public records that may not properly be judicially noticed and regulations that are either irrelevant to the allegations in Thayer's TAC or were promulgated after the Relevant Time Period in Thayer's TAC are irrelevant and immaterial and should not be considered in the context of a motion to dismiss.

13

Likewise, references in Planned Parenthood's MTD to the federal Title X federal grant program, including Exhibits B and E, are unrelated to the allegations of Thayer's TAC and should be excluded or stricken. Planned Parenthood's apparent contention that Title X laws or regulations should apply to Title XIX-Medicaid false claims is inaccurate. Such unrelated regulations are irrelevant to Thayer's TAC claims for relief and will only confuse the issues before this Court. *See Goode v. LexisNexis Risk & Info. Analytics Group, Inc.,* 284 F.R.D. 238, 243 (E.D. Pa. 2012); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).[8]

As described in Section II, *supra,* Exhibit C to Planned Parenthood's MTD is a Centers for Disease Control and Prevention MMWR report dated April 25, 2014, was obviously created after the Relevant Time Period in Thayer's TAC. Moreover, its conclusions are disputed by Thayer and it is an inadmissible hearsay report in the nature of an expert report which has not been previously disclosed or otherwise subjected to the requirements of F.R.Civ.P. 26(a)(2) or to any discovery. It too should be excluded or stricken.

## B. Consideration of these extrinsic matters will have the improper effect of converting Planned Parenthood's MTD to a motion for summary judgment.

Rule 12(d) provides that, if "matters are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 . . . [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." "The district court's failure to treat the motion[ ] as [ a motion] for summary judgment and to provide the parties with notice and an opportunity to provide further materials requires reversal unless the failure constituted harmless error." *Gibb v. World Book,*

---

[8] As stated, *infra,* FN 1, the frauds alleged in Thayer's TAC are frauds on the Title XIX-Medicaid programs administered by Iowa Medicaid Enterprise and Iowa Family Planning Network. If, during discovery, Thayer determines that Planned Parenthood also filed false claims for family planning services with the Family Planning Council of Iowa, the administrator of Iowa's federal Title X program, Thayer will then seek to amend her TAC.

*Inc.,* 958 F. 2d 814, 816 (8th Cir. 1992) (footnote omitted). *See also Woods v. Dugan,* 660 F.2d 379, 380 (8th Cir. 1981) (*per curiam*).

Rule 12(f) provides the procedural mechanism by which Thayer may seek to exclude or strike such extrinsic, irrelevant, and immaterial matters.

Here, not only has Planned Parenthood not yet filed a pleading responsive to Thayer's TAC, there has been absolutely no discovery in this case – lay or expert. Conversion of Planned Parenthood's MTD to a Rule 56 summary judgment motion at this stage would be highly prejudicial to Thayer and, indeed, to the United States of America and the State of Iowa in whose shoes Thayer now stands.

## VI.    CONCLUSION

For the reasons stated herein and in Thayer's concurrently filed Motion to Exclude or Strike , Plaintiff-Relator Susan Thayer, through counsel, respectfully requests, pursuant to F.R.Civ.P. 12(d) and (f), that the matters described above and all references thereto be excluded or stricken from Defendant Planned Parenthood of the Heartland, Inc.'s Rule 12(b)(6) motion to dismiss. Alternatively, Plaintiff-Relator Susan Thayer respectfully requests that this Court defer its decision on Planned Parenthood's MTD until Plaintiff-Relator Susan Thayer has conducted discovery, including expert discovery so as to appropriately respond to these matters that have been raised by Planned Parenthood's MTD and are outside of Thayer's TAC.

Respectfully submitted this 22nd day of December, 2014.

Attorney for Plaintiff-Relator:


s/ Michael J. Norton
Michael J. Norton, *pro hac vice*
Natalie L. Decker, *pro hac vice*
Alliance Defending Freedom
7951 E. Maplewood Avenue, Suite 100
Greenwood Village, CO 80111
(O) 720-689-2410
(F) 303-694-0703
Email: mjnorton@alliancedefendingfreedom.org

J. Russell Hixson
Hixson & Brown, P.C.
160 S. 68th Street, Suite 1108
West Des Moines, IA 50266
O) 515-222-2620
Email: rhixson@hixsonbrown.com

Steven H. Aden, *pro hac vice*
M. Casey Mattox, *pro hac vice*
Alliance Defending Freedom
801 G Street, NW, Suite 509
Washington, D.C. 20001
(O) 202-393-8690
(F) 202-347-3622
Email: sadden@alliancedefendingfreedom.org
Email: cmattox@alliancedefendingfreedom.org

16

## CERTIFICATE OF SERVICE

I, Michael J. Norton, hereby certify that on the 22nd day of December, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record:

s/ Michael J. Norton