IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF IOWA, ex rel. SUSAN THAYER, individually, <br><br>          Plaintiffs, <br><br> vs. <br><br> PLANNED PARENTHOOD OF THE HEARTLAND, INC., <br><br>          Defendant. | Civil Case No.: <br> 4:11-cv-00129 <br><br><br><br> **ORDER** |

.

    This matter arises out of Plaintiff-Relator, Susan Thayer's, December 22, 2014 Motion to Exclude or Strike the exhibits attached to Defendant, Planned Parenthood of the Heartland's, Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(f).  Dkt. No. 68.  Defendant filed their resistance January 20, 2015.  Dkt. 70.  For the reasons discussed below Plaintiff's Motion is DENIED.

    In this case Plaintiff- Relator Susan Thayer filed a complaint against the defendant, Planned Parenthood of the Heartland, Inc., claiming Defendant violated both the False Claims Act (FCA) and the Iowa False Claims Act (IFCA) by submitting false or fraudulent claims to the government for Medicaid reimbursements.  Defendant denies submitting or claiming false or fraudulent claims for Medicaid reimbursements and motioned to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6).  This Court granted Defendant's motion to dismiss on 9(b) grounds as to all claims.  Plaintiff appealed and the Eighth Circuit Court of Appeals affirmed in part, reversed in part, and remanded Plaintiff's surviving claims. Defendant motioned this Court to dismiss the remanded claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff then filed her Motion to Exclude or Strike the exhibits attached to Defendant's 12(b)(6) motion pursuant to Federal Rule of Civil Procedure 12(f).

## I.     Background

Susan Thayer (Plaintiff) brought a *qui tam* action against Planned Parenthood of the Heartland, Inc. (Defendant) claiming Defendant violated both the Federal and Iowa False Claims Acts by submitting false or fraudulent claims for Medicaid reimbursement. 31 USC §§3729–3733; Iowa Code Ann. §§ 685.1–685.7. Plaintiff's Third Amended Complaint alleges Defendant wrongfully obtained Medicaid reimbursements for prescriptions and services that were either not reimbursable or were not reimbursable in the amounts claimed. Specifically, Plaintiff's remaining claims on remand assert that Defendant violated the False Claims Act (FCA)[1] by filing claims for: (1) enhanced volumes of oral contraceptives and birth control patches prescribed through practices not allowed under Medicaid Title XIX, (2) abortion-related services not covered under Medicaid Title XIX, and (3) the full amount of services that had already been paid, in whole or in part, by "donations" Defendant coerced from patients in violation of Title XIX-Medicaid laws. Plaintiff alleges that Defendant's clinics participated in these fraudulent schemes from early 2006 to December 2008. The Third Amended Complain makes factual allegations about approximately how many false or fraudulent claims were made by Defendant and their approximate worth.

Defendant moved to dismiss Plaintiff's complaint arguing Thayer failed to state a claim on which relief can be granted under Rule 12(b)(6). Defendant attached several exhibits to their motion to dismiss, attempting to illustrate how their actions conformed to Medicaid regulations and requirements. Plaintiff subsequently brought a motion to exclude or strike these attached exhibits pursuant to Federal Rule of Civil Procedure 12(f)—arguing the exhibits attached are irrelevant and immaterial to the claims for relief alleged in the Third Amended Complaint. Defendant responded to this motion arguing Plaintiff's motion is procedurally improper under Rule 12(f) and that the exhibits attached to their motion to dismiss may be appropriately considered by this Court.

## II.     Discussion

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a *pleading* any insufficient defense or any redundant, immaterial, impertinent or scandalous matter. The

---

[1] Because the False Claims Act (FCA) and the Iowa False Claims Act (IFCA) are nearly identical, case law interpreting the FCA also applies to the IFCA. *See Eilbert v. Pelican (*In re Elbert*)*, 162 F.3d 523, 526 (8th Cir. 1998).

court may act (1) on its own; or (2) on motion made by the party . . ." Fed. R. Civ. P. 12(f) (emphasis added). According to the plain language of Rule 12(f), motions to strike are only applicable to pleadings, and not motions. *Milk Drivers, Dairy and Ice Cream Employees, Laundry and Dry Cleaning Drivers, Clerical and Allied Workers, Local Union 387 a/w International Brotherhood of Teamsters, AFL-CIO v. Roberts Dairy*, 219 F.R.D. 151, 152 (S.D. IA 2003) (citing *Knight v. United States*, 845 F. Supp. 1372, 1374 (D. Ariz. 1993); *Krass v. Thomson-CGR Med. Corp.*, 665 F. Supp. 844, 847 (N.D. Cal. 1987). Rule 7(a) provides that a "pleading" includes: complaints, answers, replies to counterclaims, answers to cross claims, third-party complaints, and third-party answers. Fed. R. Civ. P. 7(a); *See Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n. 1 (4th Cir. 1993) (finding a motion to dismiss was not a responsive pleading); *Knight*, 845 F. Supp at 1374, n. 5 (discussing what is considered a pleading pursuant to Rule 7(a)). "Therefore a motion to strike a motion . . . is inappropriate and should be denied." *Milk Drivers*, 219 F.R.D. at 152 (citing *Jones v. Topeka*, 764 F. Supp. 1423, 1425 (D. Kan. 1991); *Superior Beverage Co. v. Ohio*, 324 F. Supp. 564, 564–65 (N.D. Ohio 1971); *Knight*, 845 F. Supp. at 1374).

Plaintiff argues her motion to strike is procedurally proper citing two Eighth Circuit Court of Appeals cases. Plaintiff argument rests upon the assertion that the Eight Circuit, when affirming denials of motions to strike, did not affirm on the basis of procedural improperness. Dkt. No. 71, pg. 3–4 (citing *Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007); *Faibisch v. University of Minnesota*, 304 F.3d 797 (8th Cir. 2002)). However, simply because the Eighth Circuit did not choose to address the procedural properness of bringing a 12(f) motion to strike against a motion, rather than a pleading, does not show that it is procedurally proper to do so. In fact, this Court has found that it is not. *See Milk Drivers*, 219 F.R.D. at 152.

Plaintiff also asserts that if she does not object to Defendant's attachments through this motion to strike, this Court may convert Defendant's motion to dismiss into a motion for summary judgment, and that such a result is inappropriate at this time. Dkt. No. 71, pg. 4 (citing Fed. R. Civ. P. 12(d)). However, "'Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support or opposition to the motion . . .'" *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (quoting *Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999)). "The court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered

3

in conjunction with a Rule 12(b)(6) motion." *Stahl v. U.S. Dep't of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003).  Accordingly, the exhibits do not automatically require this Court to convert Defendant's motion to dismiss into a motion for summary judgment.

While Plaintiff may have valid concerns about the applicability of Defendant's exhibits to her Third Amended Complaint, the manner in which she attempts to defeat this Court's use of these exhibits is improper.  Plaintiff can make her arguments against the applicability of Defendant's exhibits in a brief responding to Defendant's motion to dismiss.  Because Plaintiff's motion to strike is directed at a motion, not a pleading, it is procedurally improper and must be **DENIED**.

Upon the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Exclude or Strike the exhibits attached to Defendant's Motion to Dismiss is **DENIED**.

**DATED** this 18th day of February, 2015.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA