UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and ) <br> ) <br> THE STATE OF IOWA ex rel. SUSAN ) <br> ) <br> THAYER, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> PLANNED PARENTHOOD OF ) <br> ) <br> THE HEARTLAND, INC. ) <br> ) <br>     Defendant ) | Case No. 4:11-cv-00129-JAJ-CFB <br><br> Judge Jarvey |

**PLAINTIFF-RELATOR'S OBJECTION TO EVIDENCE SUBMITTED BY DEFENDANT IN DEFENDANT's MOTION TO DISMISS**

**and**

**REQUEST FOR OPPORTUNITY TO PRESENT ALL MATERIAL PERTINENT TO PPH'S MOTION TO DISMISS**

PLAINTIFF-RELATOR SUSAN THAYER ("Thayer"), by and through her undersigned counsel, respectfully objects to evidence submitted by Defendant Planned Parenthood of the Heartland, Inc. ("PPH") in support of its F.R.Cɪᴠ.P. 12(b)(6) motion to dismiss (Doc. 66), memorandum brief in support thereof (Doc. 67), and exhibits attached thereto (Docs. 67-1, 67-2, 67-3, 67-4, and 67-5). In support hereof, Thayer states:

**I. Introduction**

In brief summary, the three claims for relief in Thayer's Third Amended Complaint (Doc.

63) ("TAC") allege that, during the period from January 2006 to December 2008 (the "Relevant Time Period"),[1] PPH violated the federal False Claims Act and the Iowa False Claims Act by filing false or fraudulent claims with Iowa Medicaid Enterprise and/or Iowa Family Planning Network ("Iowa Medicaid Programs") for (1) illegally dispensing to Medicaid clients and billing Iowa Medicaid Programs for "medically unnecessary" quantities of oral contraceptives and birth control patches; (2) fragmenting or separating abortion-related products and services provided to patients in connection with abortions and billing Iowa Medicaid Programs for those fragmented abortion-related products and services in violation of the Hyde Amendment; and (3) coercing Medicaid clients to make "donations" to PPH for products and services provided to such Medicaid clients and not deducting (or otherwise reporting) amounts received from Medicaid clients from claims billed to Iowa Medicaid Programs.

## II.     Thayer's Objections

PPH's F.R.Civ.P. 12(b)(6) motion to dismiss improperly seeks to interject regulations or facts outside of the allegations pleaded in Thayer's TAC.

Preliminarily, as the court is aware, on December 22, 2014, Thayer filed her Motion to Exclude or Strike (Doc. 68) and her Brief in Support of Her Motion to Exclude or Strike (Doc. 68-1), both of which dealt specifically with PPH's improper reliance on Exhibit "B" at part of PPH's motion to dismiss. PPH filed a Resistance (Doc. 70) on January 20, 2015and Thayer filed a Reply (Doc. 71) on February 9, 2015. The Court denied Thayer's Motion to Exclude or Strike in an Order (Doc. 72) dated February 18, 2015. The Court ruled that Thayer's Motion to Exclude

---

[1] In *United States ex rel. Thayer v. Planned Parenthood*, 765 F.3d 914, 916 (8th Cir. 2014), the Eighth Circuit acknowledged that "Thayer alleges that all of Planned Parenthood's clinics participated in these four fraudulent schemes from **early 2006 to December 2008**."

or Strike was procedurally improper and that Thayer's objections to PPH's exhibits could be raised in Thayer's Resistance to PPH's motion to dismiss.

For all of the reasons set forth in her Motion to Exclude and Strike (Doc. 68), her Brief in Support of Her Motion to Exclude or Strike (Doc. 68-1) and her Reply (Doc. 71); Thayer submits that PPH cannot rely on Exhibits A, B, C and E attached to its motion to dismiss and that the same should be "excluded" as provided in FED.R.CIV.P. 12(d).

Exhibit A (Doc. 67-1) to PPH's Rule 12(b)(6) motion to dismiss is an excerpt from the Iowa Department of Human Services All Providers Manual effective on or after September 1, 2011—2 ½ years after the end of the Relevant Time Period covered in Thayer's TAC and thus, pursuant to FRE 403, not relevant to Thayer's TAC.

Exhibits B (Doc. 67-2) and E (Doc. 67-5) to PPH's Rule 12(b)(6) motion to dismiss are regulations which apply to the federal Title X grant program and to the regulatory requirements of the Family Planning Council of Iowa, the agency which administers the federal Title X grant program in Iowa. Thus, pursuant to FRE 403, the regulations set forth in Exhibits B and E to PPH's Rule 12(b)(6) motion to dismiss are irrelevant to the Iowa Medicaid Programs which Thayer's TAC alleges were defrauded by PPH and, in any event, were not in force and effect during any of the Relevant Time Period alleged in Thayer's TAC. Even if relevant to the allegations of Thayer's TAC, there is no factual support at this time that PPH was, during the Relevant Time Period, a Title X grant recipient. This is a factual issue that cannot be resolved on PPH's Motion to Dismiss.

Exhibit C (Doc. 67-3) to PPH's Rule 12(b)(6) motion to dismiss is a Centers for Disease Control and Prevention MMWR report dated April 25, 2014 created more than 5 years after the Relevant Time Period alleged in Thayer's TAC. Pursuant to, among other rules, FRE 702 and

802 and F.R.CIV.P. 26(a)(2), Exhibit C to PPH's Rule 12(b)(6) motion to dismiss is an inadmissible hearsay report in the nature of an expert report not previously disclosed by PPH and asserts facts in dispute which have not been subjected to any discovery. Furthermore, it is irrelevant to Thayer's TAC since it was not in existence during the Relevant Time Period.

### III.   Argument

For purposes of a Rule 12(b)(6) motion to dismiss, the court must consider all facts alleged in a complaint as true and construe the pleadings in the light most favorable to the plaintiff. *Scmedding v. Tnemec Co.,* 187 F.3d 862, 864 (8th Cir. 1999). The moving party must show that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Osborn v. United States,* 918 F.2d 724, 729 (8th Cir. 1990).

In addition, in ruling on a Rule 12(b)(6) motion to dismiss, a court generally may not consider materials outside the pleadings. *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999). It may, however, consider materials that are "necessarily embraced by the pleadings" and "materials that are part of the public record or do not contradict the complaint." *Id.* at 1079 (citing *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.), cert. denied, 527 U.S. 1039 (1999)); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Noble Systems Corp. v. Alorica Central, LLC,* 543 F.3d 978, 982 (8th Cir. 2008).

"Most courts . . . view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting Wright & Miller, *Federal Practice and Procedure* § 1366).

4

A court may properly decline to take judicial notice of documents that are irrelevant to the resolution of a case. *Cravens v. Smith,* 610 F.3d 1019, 1029 (8th Cir. 2010) (citing *Am. Prairie Constr. Co. v. Hoich,* 560 F.3d 780, 797 (8th Cir. 2009) ("Caution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules.")).

Exhibits A, B, C, and E to PPH's Rule 12(b)(6) motion to dismiss both contradict Thayer's TAC and present "matters outside the pleadings" as contemplated by F.R.Civ.P. 12(d). So as to preclude PPH's Rule 12(b)(6) motion to dismiss from being treated as one for summary judgment under F.R.Civ.P. 56, Thayer objects to the Court's consideration, in ruling on PPH's Rule 12(b)(6) motion to dismiss, of Exhibits A, B, C, and E to PPH's Rule 12(b)(6) motion to dismiss.

## IV.  Request For Reasonable Opportunity to Respond

Rule 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court … [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." As discussed in more detail in Thayer's Memorandum of Law in Support of Her Resistance to Defendant PPH's Motion to Dismiss, the Exhibits relied on by PPH in its motion to dismiss raise numerous factual issues surrounding their applicability to the allegations of Thayer's TAC and the fraudulent conduct engaged in by PPH relative to the Iowa Medicaid Programs. *See* Thayer's Memorandum, pp. 14-16 and 24-26. If the Court does not exclude Exhibits A, B, C and E, Thayer requests that she be allowed to engage in discovery and be given a "reasonable opportunity to present all the material that is pertinent" and relevant to the applicability of these Exhibits to the facts surrounding Thayer's TAC and the fraudulent conduct of PPH.

WHEREFORE, PLAINTIFF-RELATOR SUSAN THAYER, through counsel, respectfully objects to the Court's consideration of Exhibits A, B, C, and E to PPH's Rule 12(b)(6) motion to dismiss in connection with said motion.  In the event these Exhibits "are presented to and not excluded by the Court, Thayer requests "a reasonable opportunity to present all the material that is pertinent" to the applicability of these Exhibits to the conduct of PPH.  Thayer requests such other and further relief as the Court may deem just and proper.

Dated this 2nd day of April, 2015.

ATTORNEYS FOR PLAINTIFF-RELATOR
SUSAN THAYER:


___s/ Michael J. Norton_____
Michael J. Norton, *pro hac vice*
Natalie L. Decker, *pro hac vice*
Alliance Defending Freedom
7951 E. Maplewood Avenue, Suite 100
Greenwood Village, CO 80111
Tel: 720-689-2410
Fax: 303-694-0703
Email: mjnorton@alliancedefendingfreedom.org

J. Russell Hixson
HIXSON & BROWN, P.C.
160 S. 68TH Street, Suite 1108
West Des Moines, IA 50266
Tel.: 515-222-2620
Fax: 515-440-6395
Email: rhixson@hixsonbrown.com

Steven H. Aden, *pro hac vice*
saden@alliancedefendingfreedom.org
M. Casey Mattox, *pro hac vice*
cmattox@alliancedefendingfreedom.org
440 First Street NW, Suite 600
Washington, D.C. 20001
Tel: 202-393-8690

## **CERTIFICATE OF SERVICE**

      I, Michael J. Norton, hereby certify that on the 2nd day of April, 2015, I caused the foregoing PLAINTIFF-RELATOR'S OBJECTION TO EVIDENCE SUBMITTED BY DEFENDANT to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                  s/ Michael J. Norton