IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF IOWA, ex rel. SUSAN THAYER, individually, <br><br> Plaintiff(s), <br><br> vs. <br><br> PLANNED PARENTHOOD OF THE HEARTLAND, INC., <br><br> Defendant(s). | No. 411-cv-00129 <br><br> **PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF STATE LAW CLAIMS** |

COMES NOW, Plaintiff SUSAN THAYER, on behalf of the United States of America and the State of Iowa, and hereby moves this Honorable Court for leave to dismiss any and all claims stated in her Third Amended Complaint (Docket No. 63) on behalf of the State of Iowa under I.C.A. § 685.1 *et seq.*, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

1.  This is an action arising out of allegedly false, fraudulent and/or ineligible claims for reimbursement made to the Medicaid program by Defendant Planned Parenthood of the Heartland, Inc., formerly known as Planned Parenthood of Greater Iowa, Inc., in violation of the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the Iowa False Claims Act, I.C.A. § 685 *et seq*.

2.  Along with her federal False Claims Act claims, the Plaintiff alleged analogous State Law Claims pursuant to I.C.A. Sec. 685.3, which states, "A person may bring a civil action for a violation of this chapter for the person and for the state, in the name of the state."

3.  By Notice filed July 5, 2012, the State of Iowa notified the Court and parties that it declined to intervene in this action. (Docket No. 15)

1

4. Plaintiff now seeks leave to dismiss any and all claims brought on behalf of the State of Iowa pursuant to the Iowa False Claims Act, I.C.A. § 685 *et seq*.

5. Plaintiff has sought and received representations from the Attorney General of the State of Iowa that the State will provide written consent to dismiss said claims pursuant to I.C.A. Sec. 685.3 ("Once filed, the action may be dismissed only if the court and the attorney general provide written consent to the dismissal and the reasons for such consent.").

6. Plaintiff hereby moves for an Order Dismissing State Law Claims. Plaintiff states the following reasons:

    a. All three versions of Plaintiff's Complaint, beginning with the initial Verified Complaint on March 22, 2011 (Docket No. 1), have asserted federal and State claims for conduct by Defendants up to the present. For example, according to the Third Amended Complaint, filed November 5, 2014, the allegedly false claims fall in the period between Jan. 1, 2006 "to the present *and, upon information and belief, continuing to this date*." TAC at 36, ¶ 109.

    b. However, after the filing of the Second Amended Complaint, the operative period claimed became Jan. 1, 2006 to Dec. 31, 2008 - the latter part to the end of Plaintiff's employment with Planned Parenthood. *See, e.g.*, Order Granting and Denying Motion to Dismiss at 2 (Docket No. 85) ("Plaintiff alleges that between early 2006 and December 2008 Defendant participated in three 'schemes' in an attempt to obtain Medicaid payments it was not entitled to.").

    c. Iowa law follows the general federal law in presuming against retroactive application of statutes. *Iowa Beta Chapter of Phi Delta Fraternity v. State, University of Iowa*, 763 N.W.2d 250 (Iowa 2009); *State v. Tornquist,* 600 N.W.2d 301 (Iowa 1999)

(Iowa Supreme Court presumes that all statutes the legislature enacts are to apply prospectively, *i.e.*, only to actions which arise after the effective date of the statute, unless the legislature expressly indicates otherwise). *Cf. Hughes Aircraft Co. v. United States ex rel Schumer*, 520 U.S. 939 (1997), quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994) (1986 amendments to federal FCA should not have been applied retroactively; "We have frequently noted … that there is a 'presumption against retroactive legislation [that] is deeply rooted in our jurisprudence.'").

      d.    The Iowa False Claims Act upon which Plaintiff relies, added to the state code in 2010, contains no clause applying the law retroactively.  The 2011 amendments to the Act explicitly apply some of its provisions back to the date of the Iowa FCA's adoption, but no earlier.  *See* Acts 2010 (83 G.A.) ch. 1031, S.F. 2088, § 338; Acts 2011 (84 G.A.) ch. 129, H.F. 649, §§ 100, 101, eff. July 26, 2011, retroactive to July 1, 2011. Thus, it appears that any State Law Claims made by Plaintiff under the Act for conduct of the Defendant predate the effective date of the statute. *See United States ex rel. Dolan v. Long Grove Manor, Inc., slip op.*, 2014 WL 3583980 (N.Dist. Ill. Jul 18, 2014) at 7 (state FCA claim must be dismissed because all allegedly fraudulent conduct took place before the effective date of the act and the statute has no retroactive effect).

7.    In view of the fact that Plaintiff has now limited her claims to the time period of 2006 through 2008, it appears that Plaintiff has no viable claim on behalf of the State of Iowa under the Iowa False Claims Act against Defendant. Thus, in the interest of judicial economy and the convenience of the parties, Plaintiff accordingly requests that this Honorable Court enter an order dismissing Plaintiff's State Law Claims arising under the Iowa False Claims Act, I.C.A. § 685.1 *et seq*.

8.   The State does not necessarily concur with the reasons Plaintiff has provided herein, but has agreed to provide its consent nonetheless.

RESPECTFULLY SUBMITTED this 29th day of March, 2017.

/s/ Steven H. Aden
Steven H. Aden *Pro hac vice*
ALLIANCE DEFENDING FREEDOM
440 First Street, NW, Suite 600
Washington, DC  20001
202-393-8690 (Phone)
202-347-3622 (Fax)
saden@adflegal.org

J. Russell Hixson
HIXSON & BROWN, P.C.
160 S. 68th Street, Suite 1108
West Des Moines, IA 50266
Tel.: 515-222-2620
Fax: 515-440-6395
rhixson@hixsonbrown.com

Kevin Theriot *Pro hac vice*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020 (Phone)
ktheriot@ADFlegal.org

Dated: March 29, 2017

## CERTIFICATE OF SERVICE

    I, Steven Aden, hereby certify that on the 29th day of March, 2017, I electronically filed **PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF STATE LAW CLAIMS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    /s/ Steven H. Aden