IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF IOWA, ex rel SUSAN THAYER, <br><br>Plaintiffs, <br><br>vs. <br><br>PLANNED PARENTHOOD OF THE HEARTLAND, INC., <br><br>Defendant. | No. 4:11-CV-00129-JAJ-CFB <br><br><br>**ORDER** |

A status conference was held June 19, 2017; the issues discussed included those in the Joint Agenda filed June 15, 2017 (ECF 149). Counsel continue to meet and confer to resolve and narrow discovery disputes. The Plaintiff's First Motion to Compel (ECF 120, filed January 10, 2017) has issues that need to be ruled upon. Plaintiff plans on filing a Third Motion to Compel, and shall do so by June 30, 2017.

The next status conference will be held **at 9:30 a.m. on July 26, 2017.** A joint agenda shall be filed by July 24, 2017. Counsel shall call the Court's AT&T conference line at 1-866-590-5055 and enter code 7013731 at the prompt.

At this status conference, the scope of discovery will be discussed again. Before the conference, to aid in the efforts to focus discovery, counsel shall confer, and determine whether they can agree on issues that can be submitted on a stipulated record and cross-motions for summary judgment (in accordance with their proposal contained in the Joint Agenda, ECF 149), and be able to identify the cost and delay associated with locating particular patient records, if an *in camera* review is required. By June 30, 2017, Defendant shall provide to Plaintiff more

1

information as to which patient records are stored electronically, in whole or in part. By July 17, 2017, Plaintiff shall provide to Defendant a list of patient records she would like to review. The Court acknowledges the parties' positions relating to production of the patient files, but requests that they work to identify this subset of patient files that might be reviewed within the next 60 days, in an effort to keep discovery moving forward.

At the status conference, the Court and counsel discussed some of the factors that impact the scope of discovery, pursuant to Fed. R. Civ. P. 26(b)(1); although we have been focused recently on trying to quantify the amount in controversy, proportionality also requires consideration of the importance of the issues at stake, in addition to the parties' relative access to the relevant information. The Court will continue to balance these factors as we move forward, and appreciates the efforts of counsel to be as specific as possible in discussions relating to the availability of information. At the next status conference, the Court expects a report on the information relating to Form 1500, or the electronic submissions via the 837P e-filing; the Medicaid audit FOIA request; and the availability of the NPI numbers for physicians or service providers. Additionally, by the time of the next status conference, the parties should have a better understanding of what additional discovery is required regarding the use of the Standing Order.

Before the Court adopts the proposed schedule outlined in the Joint Agenda (ECF 149), the scope of discovery needs to be refined and a date for the close of discovery set (at least for the liability phase). At the next status conference, the schedule for submission of the OCP and billing issues will be finalized.

Because some of the issues about the scope of discovery that the Court addressed in ruling on the Second Motion to Compel (ECF 148) are contingent upon ongoing work, and to make any appeal of discovery order more efficient, the Court grants Plaintiff's oral motion for

extension of time to appeal the ruling on the Second Motion to Compel. A deadline for appeal of all three Motions to Compel will be included in the ruling on the pending (and soon-to-be-filed) Motions to Compel.

    IT IS SO ORDERED.

    Dated this 20th day of June, 2017.

*[signature]*

CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE