UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., SUSAN THAYER<br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD OF THE HEARTLAND, INC. (f/k/a PLANNED PARENTHOOD OF GREATER IOWA, INC.),<br><br>Defendant. | No. 4:11-cv-00129-JAJ-CFB<br><br>PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PUBLIC DISCLOSURE BAR DEFENSE<br>AND<br>MOTION TO EXCLUDE SUPPORTING DOCUMENTS. |

COMES NOW the Qui Tam Plaintiff/Relator Susan Thayer, by and through her undersigned counsel, and in support of her *Motion to Strike Defendant's Public Disclosure Bar Defense and Motion to Exclude Supporting Documents*, states the following pursuant to Fed. R. Civ. P. 37(c)(1) and 37(b)(2):

I. **Motion to Strike Defendant's Public Disclosure Bar Defense and Motion to Exclude Supporting Documents.**

**Applicable Law:**

1. Pursuant to Fed. R. Civ. P. 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (*Id*.). "In addition to or instead of this sanction, the Court "may impose other appropriate sanctions," including "prohibiting the disobedient party from supporting … designated claims or defenses, or from introducing designated matters in evidence," and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii).

**Relevant Background and Documents at Issue**

1

2.     The issue involved with this Motion to Exclude is Defendant's public disclosure bar defense raised in its Answer filed 8/5/16. (Dkt.95, p.35)[1] The issue is brought to the forefront by assertions contained in Defendant's Brief in Support of Defendant's Motion For Summary Judgment (Dkt.225-1), Defendant's Brief in Resistance to Plaintiff's Motion For Partial Summary Judgment (Dkt.242), and Defendant's Reply to Plaintiff's Resistance to Defendant's Motion For Summary Judgement (Dkt.249). In essence, Defendant submitted numerous documents to the Court in support of its Motion for Summary Judgment on the issue of public disclosure under the False Claims Act that were NEVER produced or provided to the Plaintiff in response to valid discovery requests and as required by Fed. R. Civ. P. 26. The documents at issue, that were never provided, are as follows:

1. Letter to Kim Lehman, President, Iowa Right to Life, undated and unsigned. (Dkt.225-6, pp.151-152);

2. Alliance Defending Freedom report to Congress dated 2/6/12 (Dkt.225-6, pp.115-137);

3. The Spokesman Review, 8/12/09 (Dkt.225-6, pp.138-144);

4. Lifeline news article "Planned Parenthood Abortion Business Settles Medicaid Fraud Case," dated 10/30/10. (Dkt.225-6, pp.145-148); and

5. Illinois Federation For Right to Life – "Audit finds Planned Parenthood affiliate overcharged $629,000 to Medicaid," dated 8/13/09. (Dkt.225-6, pp.149-150).

These documents were never produced, despite the fact that Plaintiff properly propounded discovery requests (detailed below) pertaining to Defendant's public disclosure bar defense, and despite the fact that Defendant was obligated by applicable discovery rules to produce the same during the discovery period.

---

[1] Defendant's Answer to Plaintiff's Third Amended Complaint states:
   "2. Relator's claims are barred under 31 U.S.C. § 3730(e)(4)(a) because they are based on publicly disclosed information and Relator is not an original source of the alleged information on which the lawsuit is based." (Dkt.95, p.35).

3. In essence, Defendant asserts in its Motion for Summary Judgment, seven years after the inception of this case, that this Court has no jurisdiction over this matter pursuant to the public disclosure bar contained in the False Claims Act. (Dkt.225-1, pp.17-22). In addition, Defendant asserts that Thayer cannot be an "original source" because she "asserted her claims during litigation, without first communicating them to the government." (Dkt.225-1, p.22). In her Resistance, Thayer asserted that there were no valid public disclosures, but even if there were, she qualified as an "original source" by providing a Confidential Disclosure Statement to the government prior to filing her lawsuit in this case. (Dkt.241, pp.21-25). In its Reply Brief Defendant now asserts that Thayer is precluded from relying on her Confidential Disclosure Statement to the government because it was not produced pursuant to Rule 26.[2] (Dkt.249, pp.9-10). However, Thayer had no reason to believe that her Confidential Disclosure Statement to the government was relevant or would even be needed since there had been no production of facts or documents reflecting any public disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii)(requiring only disclosure of "documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses").

4. Because Defendant completely failed in its obligation to provide facts and documents it was clearly aware of at the time it asserted its defense, and because Defendant subsequently repeated that failure even when prompted by Plaintiff's specific discovery requests covering its defense, Thayer is now prejudiced by potentially not being able to rely on her Confidential Disclosure Statement, if Defendant's proffered argument were to be adopted by this

---

[2] Defendant also asserts that Thayer failed to submit the document in response to discovery requests from Defendant. However, as will be shown below and in the attached documents, Defendant's discovery requests were validly objected to since they were belatedly served in violation of the Court's discovery Order and deadline. Thus, no documents were produced by Thayer as a result of her objections. Defendant did not move to compel production after receiving the objections.

Court. Thus, even though this motion may cause a slight delay in the final submission of the OCP claim on summary judgment, Plaintiff has been left by Defendant with no choice but to file it. A summary of the relevant discovery requests and various responses are set forth below for the Court.

**Plaintiff's Discovery Requests**:

5. On *4/27/17*, Thayer served her Second Set of Interrogatories to Defendant. With respect to Defendant's affirmative defenses, including the public disclosure bar, Thayer requested "all facts that tend to support each defense asserted," "identify all individuals with knowledge of each defense" and "identify all documents related to each defense asserted." (Exhibit A, pp. 2-3, attached). In its answer to Interrogatory No. 9, served *6/12/17*, PPH stated:

> **ANSWER:** PPH objects to all subparts of this interrogatory to the extent Plaintiff has exceeded the number of interrogatories allowed under Rule 33(a)(1). PPH further objects that the interrogatory is overly broad and would be unduly burdensome to answer. PPH also objects to this interrogatory on the grounds that it seeks information that is protected by the attorney client privilege and/or the work product doctrine, or seeks answers that are based on legal doctrine and are therefore, inappropriate. The burden is ultimately on Plaintiffs to prove their case. PPH contends that it has submitted all claims to the government in a proper manner, that PPH has acted in good faith under a reasonable belief that all reimbursements sought have been proper, that the government has conducted audits of PPH's handling of Medicaid reimbursements, that the government has concluded that there are no violations, that the results of the government's audit of PPH are public, and that there is no evidence that the United States government has suffered any damages as a result of Plaintiffs' claims in this case. Discovery is ongoing and **PPH will supplement this response as appropriate**.

(Exhibit A, p.3) (emphasis added). PPH did not identify any individuals with knowledge with respect to any public disclosures, did not identify any facts relating to any public disclosures, and did not identify any documents reflecting that any public disclosures relating to the allegations or transactions of fraud at issue in this case had occurred. Based on PPH's interrogatory answer, Thayer had no reason to believe that the public disclosure bar or "original source" would be an issue in this case.

4

6. PPH provided supplemental interrogatory answers on 8/2/17 (Exhibit B, attached), 11/3/17 (Exhibit C, attached), and 1/26/18 (Exhibit D, attached). Despite all of the supplements and despite the protracted discovery in this case, PPH did not identify one individual with knowledge with respect to any public disclosures, did not identify any facts relating to any public disclosures, and did not identify any documents reflecting that any public disclosures had occurred. Once again, based on PPH's multiple supplemental answers, Thayer had no reason to believe that the issue of public disclosure or "original source" would be an issue in this case. Certainly, Thayer had no reason to believe that her Confidential Disclosure Statement to the government would be relevant or material to any issue to be tried in the case. This is especially the case when it is considered that PPH had not served any discovery requests seeking a copy of the Confidential Disclosure Statement, as is typical in cases where public disclosure and "original source" will be an issue.

7. Discovery on the issues related to Thayer's Count I, illegal dispensing of contraceptive medications, is now closed by order of the Court. Prior to the close of discovery, Defendant did not supplement its discovery answers to provide any information with respect to the documents it now seeks to use in support of its public disclosure defense.

**Defendant's Rule 26 Disclosures**:

8. On 10/3/16, Defendant provided its Rule 26 initial disclosures. (Exhibit E, attached). The disclosure statement identified no individuals with knowledge regarding any public disclosures and identified no documents relating to any public disclosures of the allegations or transactions of fraud alleged by Thayer. (Exhibit E, pp.2-3).

9. On 3/15/18, Defendant served its First Supplemental Disclosures Pursuant to Rule 26. (Exhibit F, attached). Although discovery was about to come to a close, PPH did not identify

5

one individual with knowledge with respect to any public disclosure, did not identify any facts relating to any public disclosures, and did not identify any documents reflecting that any public disclosures had occurred. There was absolutely no way for the Plaintiff to know that the public disclosure bar would be an issue or that the Court would even be asked to decide the issue of original source. This amounts to nothing more than the "trial by ambush" tactics of old, which have long since been done away with by our Court's and our rules of civil procedure. There is no justification for this blatant violation of Rule 26 and our rules of discovery.

**Defendants Belated Discovery Requests**:

10. On 3/12/18, Defendant served its Second Set of Interrogatories and Requests for Production of Documents. These combined discovery requests focused almost solely on any communications by Plaintiff and Plaintiff's counsel with the United States and the State of Iowa with respect to Plaintiff's claims. These requests were made just three (3) days before Defendant provided its supplemental initial disclosures under Rule 26.[3] On 4/11/18, Plaintiff timely served her Responses to Defendant's Second Request for Production of Documents (Exhibit G, attached) and Answers to Defendant's Second Set of Interrogatories. (Exhibit H, attached). With respect to the Second Request For Production that would arguably have required a copy of the Confidential Disclosure Statement Thayer provided to the government prior to filing her Complaint, Thayer objected to the discovery request in total as violating the Court's discovery order, and Thayer accordingly produced no documents. (*See* Exhibit G, p.3). Discovery had already closed by order of the Court. (*Id.*) Plaintiff also objected to each of the requests based on relevance grounds since

---

[3] Clearly, by this time, Defendant's counsel was well aware of the public disclosure documents and individuals identified in those documents that would ultimately be attached to Defendant's summary judgment filings. Defendant's counsel was also well aware of the facts that Defendant would argue in support of its public disclosure affirmative defense. Even so, counsel still made a conscious decision not to produce any of the documents with Defendant's required Rule 26 disclosures and not to update Defendant's answers to Plaintiff's public disclosure interrogatory.

there had been no discovery supplements from Defendant reflecting any public disclosures. Exhibit G, pp.3-8). Thus "original source" would not be an issue and any communications with the government would be irrelevant. Lastly, Thayer objected on grounds of privilege. (*Id*.). There was no response from Defendant and no indication that Defendant disagreed with the objections or wished to pursue the matter further with the court through compelling any document production.

**Relief Requested**

11. Defendant blatantly violated Rule 26 (Initial Disclosures) and Rule 33 (Interrogatories) of the Federal Rules of Civil Procedure. To paraphrase Defendant's own words from its Reply Brief: "[Defendant] cannot now rely on [documents] after hiding [them] from [Plaintiff], blatantly violating [its] disclosure obligations." (Dkt.249, p.9). Thus, pursuant to Rule 37(c)(1) and 37(b)(2)(A)(ii), Thayer requests that Defendant "not be allowed to use [the undisclosed] information … to supply evidence on" its Motion for Summary Judgment or in resistance to Plaintiff's Motion for Partial Summary Judgment.

12. Thayer further requests that Defendant's public disclosure defense be stricken from its Answer pursuant to Rules 37(c)(1)(C) and 37(b)(2)(A)(iii).

13. Thayer is filing a Brief in support as required by Local Rule 7(d).

**WHEREFORE**, for the reasons set out above, Thayer requests that the Court:

1. Strike from Defendant's Answer its affirmative defense of the public disclosure bar, and

2. Preclude Defendant from relying on facts and documents not produced in discovery as identified above.

Thayer requests any other and further relief the Court deems just and equitable.

Respectfully submitted this 29th day of June, 2018.

ATTORNEYS FOR PLAINTIFFS
SUSAN THAYER, ET AL.

LEAD COUNSEL:

/s/ J. Russell Hixson
J. RUSSELL HIXSON
Hixson & Brown, P.C.
160 S. 68th Street, Suite 1108
West Des Moines, IA 50266
Tel.: (515) 222-2620
rhixson@hixsonbrown.com

Kevin H. Theriot
Ken Connelly
15100 N. 90th Street
Scottsdale, AZ 85260
Tel.: (480) 444-0020
ktheriot@ADFlegal.org
kconnelly@ADFlegal.org