UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., SUSAN THAYER<br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD OF THE HEARTLAND, INC. (f/k/a PLANNED PARENTHOOD OF GREATER IOWA, INC.),<br><br>Defendant. | No. 4:11-cv-00129-JAJ-CFB<br><br>PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PUBLIC DISCLOSURE BAR DEFENSE AND TO EXCLUDE SUPPORTING DOCUMENTS. |

COMES NOW the Qui Tam Plaintiff/Relator Susan Thayer, by and through her undersigned counsel, and provides this *Brief in Support of Plaintiff's Motion to Strike Defendant's Public Disclosure Bar Defense and Motion to Exclude Supporting Documents*, pursuant to Local Rule 7(d):

ATTORNEYS FOR PLAINTIFFS
SUSAN THAYER, ET AL.

LEAD COUNSEL:

/s/ J. Russell Hixson
J. RUSSELL HIXSON
Hixson & Brown, P.C.
160 S. 68th Street, Suite 1108
West Des Moines, IA 50266
Tel.: (515) 222-2620
rhixson@hixsonbrown.com

Kevin H. Theriot
Ken Connelly
15100 N. 90th Street
Scottsdale, AZ 85260
Tel.: (480) 444-0020
ktheriot@ADFlegal.org
kconnelly@ADFlegal.org

i

# **TABLE OF CONTENTS**

I.   FACTUAL BACKGROUND ................................................................................ 1

   A. BACKGROUND OF ISSUE ............................................................................ 1

   B. BACKGROUND OF PLAINTIFF'S DISCOVERY REQUESTS ..................... 3

   C. BACKGROUND OF DEFENDANT'S RULE 26 DISCLOSURES ................ 4

   D. BACKGROUND OF DEFENDANT'S BELATED DISCOVERY REQUESTS ................ 5

II.  APPLICABLE LAW ........................................................................................... 6

   A. DEFENDANT WAS REQUIRED TO PRODUCE ALL DOCUMENTS IT WOULD RELY ON, EVEN IF THOSE DOCUMENTS ARE PUBLICLY AVAILABLE OR POTENTIALLY KNOWN TO PLAINTIFF'S COUNSEL. ................................................. 7

   B. PLAINTIFF IS PREJUDICED BY DEFENDANT'S FAILURE TO PRODUCE THE DOCUMENTS WHILE DISCOVERY WAS OPEN. ........................................... 10

   C. EXCLUSION OF THE EVIDENCE IS REQUIRED. ....................................... 11

CONCLUSION ............................................................................................................ 11

# **TABLE OF AUTHORITIES**

**CASES:**

*DCFS USA, LLC* v. *District of Columbia*,
    803 F. Supp. 2d 29 (D.D.C. 2011) ...........................................................................................10

*Heidtman v. County of El Paso*,
    171 F.3d 1038 (5th Cir. 1999) ...................................................................................................11

*Klayman v. Judicial Watch, Inc.*,
    256 F.R.D. 258 (D.D.C. 2009)...................................................................................................10

*Martino v. Kiewit N.M. Corp.*,
    600 Fed. App'x 908 (5th Cir. 2015) ...................................................................................... 8, 9

*Moore v. Napolitano*,
    723 F. Supp. 2d 167 (D.D.C. 2010) ..........................................................................................10

*Morgan v. Safeway Inc.*,
    2012 U.S. Dist. LEXIS 81045, 2010 WL 2135601 (D. Md. June 11, 2012)........................8

*Ochoa v. Empresas ICA, S.A.B. de C.V.*,
    2012 U.S. Dist. LEXIS 111177, 2010 WL 3260324 (S.D. Fla. Aug. 8, 2012) ...................8

*Phillips v. Hanover Insurance Co.*,
    2015 U.S. Dist. LEXIS 51301, 2015 WL 1781873 (W.D. Okla., Apr. 20, 2015)...............8

*Roberts v. Galen of Virginia, Inc.*,
    325 F.3d 776 (6th Cir. 2003) ....................................................................................................11

*Salgado v. General Motors Corp.*,
    150 F.3d 735 (7th Cir. 1998) ....................................................................................................11

*Shatsky v. Syrian Arab Republic*,
    312 F.R.D. 219 (D.D.C. 2015) ..................................................................................7, 8, 9, 10

*Transamerica Life Insurance Co. v. Lincoln National Life Insurance. Co.*,
    255 F.R.D. 645 (N.D. Iowa 2009) .......................................................................................9, 10

*United States v. Procter & Gamble Co.*,
    356 U.S. 677, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958).........................................................8

*Wilson v. Bradlees of New England, Inc.*,
    250 F.3d 10 (1st Cir. 2001)........................................................................................................11

**STATUTES:**

Rule 26, Federal Rules of Civil Procedure .............................................................................. passim

Rule 37, Federal Rules of Civil Procedure ..............................................................................6, 11

31 U.S.C. § 3730(e)(4)(a) ..................................................................................................1

**OTHER AUTHORITY:**

Moore's Federal Practice – Civil § 26.22 (2015) ............................................................7

I. **FACTUAL BACKGROUND**

A. **BACKGROUND OF ISSUE**

The issue involved with Plaintiff's Motion to Exclude is Defendant's public disclosure affirmative defense raised in its Answer filed 8/5/16. (Dkt.95, p.35)[1] The issue is brought to the forefront by assertions contained in Defendant's Brief in Support of Defendant's Motion For Summary Judgment (Dkt.225-1), in Defendant's Brief in Resistance to Plaintiff's Motion For Partial Summary Judgment (Dkt.242), and in Defendant's Reply to Plaintiff's Resistance to Defendant's Motion For Summary Judgement (Dkt.249). In essence, Defendant submitted numerous documents to the Court in support of its Motion for Summary Judgment on the issue of public disclosure under the False Claims Act that were **NEVER** produced or provided to the Plaintiff in response to valid discovery requests and as required by Fed. R. Civ. P. 26. The documents at issue, that were never provided, are as follows:

1. Letter to Kim Lehman, President, Iowa Right to Life, undated and unsigned. (Dkt.225-6, pp.151-152);

2. Alliance Defending Freedom report to Congress dated 2/6/12 (Dkt.225-6, pp.115-137);

3. The Spokesman Review, 8/12/09 (Dkt.225-6, pp.138-144);

4. Lifeline news article "Planned Parenthood Abortion Business Settles Medicaid Fraud Case," dated 10/30/10. (Dkt.225-6, pp.145-148); and

5. Illinois Federation For Right to Life – "Audit finds Planned Parenthood affiliate overcharged $629,000 to Medicaid," dated 8/13/09. (Dkt.225-6, pp.149-150).

These documents were never produced despite the fact that Plaintiff properly propounded discovery requests (detailed below) pertaining to Defendant's public disclosure bar defense, and

---

[1] Defendant's Answer to Plaintiff's Third Amended Complaint states:
"2. Relator's claims are barred under 31 U.S.C. § 3730(e)(4)(a) because they are based on publicly disclosed information and Relator is not an original source of the alleged information on which the lawsuit is based."
(Dkt.95, p.35).

1

despite the fact that Defendant was obligated by the rules to produce the same during the discovery period.

Despite its failure to produce any of these documents in discovery, Defendant asserts in its Motion for Summary Judgment, seven years after the inception of this case, that this Court has no jurisdiction over this case pursuant to the public disclosure bar contained in the False Claims Act. (Dkt.225-1, pp.17-22). In addition, Defendant asserts that Thayer cannot be an "original source" because she "asserted her claims during litigation, without first communicating them to the government." (Dkt.225-1, p.22). Contrary to this recent assertion by Defendant, Thayer has asserted that there were no valid public disclosures, but even if there were, she qualified as an "original source" because she provided her Confidential Disclosure Statement to the government prior to filing her lawsuit in this case. (Dkt.241, pp.21-25). In Defendant's Reply Brief, it now asserts that Thayer is precluded from relying on her Confidential Disclosure Statement to the government because it was not produced pursuant to Rule 26.[2] (Dkt.249, pp.9-10). However, Thayer had no reason to believe that her Confidential Disclosure Statement to the government was relevant or would even be needed since there had been no production by Defendant of facts or documents reflecting any public disclosures. *See* Fed. R. Civ. P. 26(a)(1) (requiring only disclosure of "documents … that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses").

Thus, as a result of Defendant's blatant failure to produce documents that it was clearly going to rely on, Thayer is potentially prejudiced by not being able to rely on her Confidential

---

[2] Defendant also asserts that Thayer failed to submit the document in response to discovery requests from Defendant. However, as will be shown below and in the attached documents, Defendant's discovery requests were objected to since they were belatedly served in violation of the Court's discovery Order and deadline. Thus, no documents were produced by Thayer as a result of her objections. Defendant did not move to compel production after receiving the objections.

2

Disclosure Statement without protracting these proceedings and the submission of summary judgment,[3] all because Defendant's counsel chose to withhold facts and documents they have been clearly aware of for quite some time. Thus, Plaintiff has no choice but to file her instant Motion to avoid such prejudice.

### B. BACKGROUND OF PLAINTIFF'S DISCOVERY REQUESTS

On **4/27/17**, Thayer served her Second Set of Interrogatories To Defendant. With respect to Defendant's affirmative defenses, including the public disclosure bar, Thayer requested the following: "all facts that tend to support each defense asserted"; "identify all individuals with knowledge of each defense"; and "identify all documents related to each defense asserted." (Exhibit A, pp. 2-3, attached). In its answer to Interrogatory No. 9, served **6/12/17**, PPH stated:

> **ANSWER:** PPH objects to all subparts of this interrogatory to the extent Plaintiff has exceeded the number of interrogatories allowed under Rule 33(a)(1). PPH further objects that the interrogatory is overly broad and would be unduly burdensome to answer.
> PPH also objects to this interrogatory on the grounds that it seeks information that is protected by the attorney client privilege and/or the work product doctrine, or seeks answers that are based on legal doctrine and are therefore, inappropriate. The burden is ultimately on Plaintiffs to prove their case. PPH contends that it has submitted all claims to the government in a proper manner, that PPH has acted in good faith under a reasonable belief that all reimbursements sought have been proper, that the government has conducted audits of PPH's handling of Medicaid reimbursements, that the government has concluded that there are no violations, that the results of the government's audit of PPH are public, and that there is no evidence that the United States government has suffered any damages as a result of Plaintiffs' claims in this case. Discovery is ongoing and **PPH will supplement this response as appropriate**.

(Exhibit A, p.3) (emphasis added). PPH did not identify any individuals with knowledge with respect to any public disclosures, did not identify any facts relating to any public disclosures, and did not identify any documents reflecting that any public disclosures relating to the allegations or

---

[3] By producing the documents after the close of discovery, Defendant precluded the Plaintiff from having the time necessary to examine the documents and facts disclosed and to do appropriate discovery. Thayer is not required to continuously push back a decision in this case on the merits due to Defendant's continuous and dilatory discovery practices.

3

transactions of fraud at issue in that case had occurred. Based on PPH's interrogatory answer, Thayer had no reason to believe that the public disclosure bar or "original source" would be an issue in this case.

PPH provided supplemental interrogatory answers on 8/2/17 (Exhibit B, attached), 11/3/17 (Exhibit C, attached) and 1/26/18 (Exhibit D, attached). Despite all of the supplements and despite years of protracted discovery, PPH did not identify one individual with knowledge with respect to any public disclosures, did not identify any facts relating to any public disclosures, and did not identify any documents reflecting that any public disclosures had occurred. Once again, based on PPH's multiple supplemental answers, Thayer had no reason to believe that the public disclosure bar or "original source" would be an issue in this case. Certainly, Thayer had no reason to believe that her Confidential Disclosure Statement to the government would be relevant or material to any issue to be tried in the case. This is especially the case when it is considered that PPH had not served any discovery requests seeking a copy of the Confidential Disclosure Statement which is typical in cases where the public disclosure bar and original source will be an issue.

Discovery on the issues related to Thayer's Count I, illegal dispensing of contraceptive medications, is now closed by order of the Court. Prior to the close of discovery, Defendant did not supplement its discovery answers to provide information with respect to the facts or documents it now seeks to use in support of its public disclosure defense.

### C. BACKGROUND OF DEFENDANT'S RULE 26 DISCLOSURES

On 10/3/16, Defendant provided its Rule 26 initial disclosures. (Exhibit E, attached). The disclosure statement identified no individuals with knowledge regarding any public disclosures and identified no documents relating to any public disclosures of the allegations or transactions of fraud alleged by Thayer. (Exhibit E, pp.2-3). On 3/15/18, Defendant served its First Supplemental

4

Disclosures Pursuant to Rule 26. (Exhibit F, attached). Although discovery was about to come to a close and Defendant's counsel was clearly aware of Defendant's legal theories and facts supporting the same, Defendant did not identify one individual with knowledge with respect to any public disclosure, did not identify any facts relating to any public disclosures, and did not identify any documents reflecting that any public disclosures had occurred. There was absolutely no way for the Plaintiff to know that the public disclosure bar would be an issue or that the Court would even be asked to decide the issue of original source. This amounts to nothing more than the "trial by ambush" tactics that have long been done away with by our Courts and our rules of civil procedure. There is no justification for this blatant violation of Rule 26 and our rules of discovery.

D.   **BACKGROUND OF DEFENDANT'S BELATED DISCOVERY REQUESTS**

On 3/12/18, Defendant served its Second Set of Interrogatories and Requests for Production of Documents. These combined discovery requests focused almost solely on any communications by Plaintiff and Plaintiff's counsel with the United States and the State of Iowa with respect to Plaintiff's claims. These requests were made just three (3) days before Defendant provided its supplemental initial disclosures under Rule 26.[4] On 4/11/18, Plaintiff timely served her Responses to Defendant's Second Request for Production of Documents (Exhibit G, attached) and Answers to Defendant's Second Set of Interrogatories. (Exhibit H, attached). With respect to the Second Request for Production that would arguably have required a copy of the Confidential Disclosure Statement Thayer provided to the government prior to filing her Complaint, Thayer objected to the discovery request in total as violating the Court's discovery order and Thayer

---

[4] Clearly, by this time, Defendant's counsel was well aware of the public disclosure documents and individuals identified in those documents that would ultimately be attached to Defendant's summary judgment filings. Defendant's counsel was also well aware of the facts that Defendant would argue in support of its public disclosure affirmative defense. Indeed, the only reason for the discovery request to Plaintiff would be an assertion of the public disclosure bar. Even so, Defendant's counsel made a conscious decision not to produce any of the documents with Defendant's required Rule 26 disclosures and not to update Defendant's answers to Plaintiff's interrogatory.

produced no documents. (See, Exhibit G, p.3). Discovery had already closed by order of the Court. (*Id.*) Plaintiff also objected to each of the requests based on relevance grounds since there had been no discovery supplements from Defendant reflecting any public disclosures. (Exhibit G, pp.3-8). Thus, "original source" would not be an issue and any communications with the government would be irrelevant. Lastly, Thayer objected on grounds of work product privilege. (*Id.*). Defendant did nothing to test these objections and filed nothing with the Court seeking to extend, once again, the discovery deadline or to compel production of any documents.

## II.   APPLICABLE LAW

Pursuant to Fed. R. Civ. P. 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (*Id.*). In addition to or instead of this sanction, the Court "may impose other appropriate sanctions," including "prohibiting the disobedient party from supporting … designated claims or defenses, or from introducing designated matters in evidence," and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(c)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(ii)-(iii).

The following is stated by Defendant in its Reply Brief (Dkt.249):

> "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . on a motion." Fed. R. Civ. P. 37(c)(1). Relator's did not disclose the letter even though Rule 26(a) required her to do so as a document used to support her claims, and even though Rule 26(e) required her to supplement or correct her responses to PPH's interrogatories and requests for production. Therefore, Relator may not use the letter to oppose PPH's Motion for Summary Judgment. Fed. R. Civ. P. 37(c)(1); *U. S. ex rel. Rangarajan v. Johns Hopkins Health Sys. Corp.*, 262 F. Supp. 3d 259, 273 (D. Md. 2017) (holding "Plaintiff failed to fulfill her discovery obligations under Rule 26(e)" because she submitted documents in opposition to a motion for summary judgment that "were never produced in discovery but that were clearly responsive to Defendants' discovery requests"); *see also Kahle v. Leonard*, 563 F.3d 736, 740 (8th Cir. 2009).

(Dkt. 249, pp.9-10). Thayer concurs with Defendant's statement of the law and the remedy that a party may not use documents to support a summary judgment motion that "were never produced in discovery responsive to [a party's] discovery requests." "Rule 26(e) does not sanction late disclosure for late disclosure's sake. Nor is it a license to sandbag the opposing party with reams of pertinent information on the eve of summary judgment." *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 225 (D.D.C. 2015).

    A.    **DEFENDANT WAS REQUIRED TO PRODUCE ALL DOCUMENTS IT WOULD RELY ON, EVEN IF THOSE DOCUMENTS ARE PUBLICLY AVAILABLE OR POTENTIALLY KNOWN TO PLAINTIFF'S COUNSEL**.

Some of the documents Defendant attempts to utilize in summary judgment pleadings are documents that Defendant asserts come from the internet or might be publicly available. This matters not. If a "disclosing party has the right to obtain copies of those [third party] documents and anticipates that he or she will use them in support of his or her claims or defenses, the party must either produce copies of them or provide the requisite description." 6-26 MOORE'S FEDERAL PRACTICE - CIVIL § 26.22 (2015); *Shatsky*, 312 F.R.D. at 223 and 224 n.11 (where plaintiff argued it was not required to produce documents publicly available, the court responded: "How absurd!"). The fact that the documents relied on by Defendant PPH may have been readily available in the public domain (e.g., on the internet) or even somewhere at Alliance Defending Freedom ("ADF") does not change the fact that Defendant was required to produce such documents if it intended to rely upon them to support its public disclosure defense.

On a similar issue, the court in *Shatsky* was confronted with a situation where the plaintiffs attempted to use exhibits not disclosed in discovery to support their resistance to defendant's

motion for summary judgment.[5] 312 F.R.D. at 221. The defendants moved to exclude the exhibits "that together form[ed] the cornerstone of plaintiffs' opposition to summary judgment." *Id.* Some of the contested documents related to publicly available documents and documents on the internet. *Id*. The threshold issue first addressed by the court was whether publicly available documents were required to be produced pursuant to Rule 26. In holding that they were, the court stated the following:

> The Federal Rules do not shield publicly available documents from discovery merely because of their accessibility. A limitation of this nature would lead to patently absurd consequences. Indeed, it would require litigants to scour the public domain for nuggets of information that their adversaries could potentially use against them—a task that is as Herculean as it is nonsensical. **Litigation is not, nor has it ever been, an elaborate parlor game of "blind man's buff."** See *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). To the contrary, the federal discovery rules are designed to make litigation a "fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Id.* A system that would require litigants to divine from an ever-increasing universe of public data what their opponents *might* use to support their claims is hardly "fair" and it is certainly not just. It would, to put it mildly, do a grave disservice to our adversarial system.
>
> Courts in other circuits, bearing these principles in mind, have compelled parties to produce relevant, publicly available material that they intend to use to bolster their claims or defenses. The Fifth Circuit recently stated that "**even if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses**." *Martino v. Kiewit N.M. Corp.*, 600 Fed. App'x 908, 911 (5th Cir. 2015); *see, e.g., Phillips v. Hanover Ins. Co.*, 14cv871R, 2015 U.S. Dist. LEXIS 51301, 2015 WL 1781873, at *2 n.1 (W.D. Okla., Apr. 20, 2015) ("Courts consistently hold that parties have an obligation to produce even publicly available information."); *Morgan v. Safeway Inc.*, 11cv1667(WMN), 2012 U.S. Dist. LEXIS 81045, 2010 WL 2135601, at * 2 (D. Md. June 11, 2012) ("[E]ven publically available information might properly be the subject of a valid request for production of documents."); *Ochoa v. Empresas ICA, S.A.B. de C.V.*, 11cv23898, 2012 U.S. Dist. LEXIS 111177, 2010 WL 3260324, at *5 (S.D. Fla. Aug. 8, 2012)("Whether the documents are available to Plaintiffs through due diligence does not control whether [a litigant] should be compelled to produce them."). This approach is

---

[5] The Court noted that summary judgment was required to be joint motions for summary judgment by the parties with the understanding that discovery had closed by order of the Court. *Shatsky*, 312 F.R.D. at 222. The plaintiff produced 73 documents after discovery had closed. *Id*.

eminently sensible. It is, not surprisingly, the approach I take here. Accordingly, plaintiffs were **obligated to produce any and all material in their possession, custody, or control—regardless of whether it was publicly available—that they deemed relevant to their case**.

*Id*. at 223-224 (emphasis added); *see also Martino v. Kiewit N.M. Corp.*, 600 Fed. App'x 908, 911 (5th Cir. 2015) (affirming district court's exclusion of publicly available documents from consideration during summary judgment proceedings when documents were not disclosed as required by Rule 26(a)(1)(A)(ii)). Similarly, Defendant PPH was required to produce all of the documents that it now relies on in support of its public disclosure defense. Defendant did not and such documents must therefore be excluded.

The requirement of production under Rule 26 exists even if Plaintiff had such documents or knew of them.[6] Indeed, "even if a document is … in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses." *Shatsky*, 321 F.R.D. at 224. In elaborating on this holding the *Shatsky* court stated:

> First, the mere fact that certain of these documents were produced by defendants in other cases does not ameliorate the prejudice caused by plaintiffs' untimely productions here. **It is preposterous to suggest that knowledge, however atmospheric, of certain documents ensures a fair and equal discovery process for the party that is blindsided by their eleventh hour production**. It surely does not. **Existential awareness has never been, nor will it ever be, a substitute for production**. See *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 255 F.R.D. 645, 652 (N.D. Iowa 2009) (finding that defendant was prejudiced by the "belated inclusion of information" because plaintiff's untimely disclosures offered "a different picture of the relevant issues").

---

[6] Although counsel for Thayer had knowledge of the 2006 IME Audit by virtue of it having been produced by Defendant during discovery, it had no indication that the audit had been publicly disclosed or was being asserted as constituting a public disclosure of the allegations of fraud raised by Plaintiff. Nor did counsel have any indication that any of the other documents now relied upon by Defendant were being asserted as constituting public disclosures of the allegations of fraud raised by Plaintiff.

9

*Id*. at 226-227 (emphasis added). Similarly, in deciding to exclude exhibits "cited by a party's expert and … publicly available," the court in *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 255 F.R.D. 645, 652 (N.D. Iowa 2009) (Bennett, J.), held the following

> [T]he fact that a document is cited by a party's expert and is publicly available does not excuse that party from timely production of the document, if it is the subject of an appropriate discovery request. In short, the fact that such documents are publicly available is not a substantial justification for untimely production, nor does it make the failure to timely produce them harmless.

There is no justification for PPH never producing the documents to the Plaintiff.

**B.   PLAINTIFF IS PREJUDICED BY DEFENDANT'S FAILURE TO PRODUCE THE DOCUMENTS WHILE DISCOVERY WAS OPEN**.

Defendant PPH waited until discovery on the OCP claim issue was closed, the joint motions for summary judgment deadline had been established by the Court, and Defendant's filing of its Motion For Summary Judgment, before unveiling the documents in question. Plaintiff's counsel thus had absolutely no time to adequately review the documents and engage in any needed discovery. Under similar circumstances, the *Shatsky* court concluded that prejudice clearly obtained:

> A litigant's failure to abide by discovery deadlines is prejudicial when it prevents the opposing party from timely reviewing relevant evidence. *See* Moore v. Napolitano, 723 F. Supp. 2d 167, 181-82 (D.D.C. 2010)(finding prejudice where the opposing party failed to timely produced relevant documents); Klayman v. Judicial Watch, Inc., 256 F.R.D. 258, 262 (D.D.C. 2009) ("Plaintiff's conduct has severely prejudiced Defendants by preventing them from reviewing any documentary evidence relating to Plaintiff's damages or alleged defenses to counterclaims."). This principle applies with special force where, as here, a party's late disclosures alters its adversary's well-settled theory of the case. *See* DCFS USA, LLC v. *District of Columbia*, 803 F. Supp. 2d 29, 37 (D.D.C. 2011) (finding sanctions appropriate because "discovery has long since been closed, [and the aggrieved party] has justifiably relied on a theory of the case now altered" by opposing counsel's late disclosures). Unfortunately for plaintiffs, I find that their failure to timely produce responsive documents was categorically prejudicial.
>
> \*\*\*
> Third, plaintiffs' failure to timely provide relevant material hampered defendants' ability to test these documents through the discovery process. Indeed, by producing documents after

10

the close of fact discovery, plaintiffs effectively *precluded* defendants from taking any additional depositions to further investigate the late-breaking disclosures. Fourth, and finally, plaintiffs' actions materially altered the evidentiary landscape after defendants filed for summary judgment relief.

*Shatsky*, 312 F.R.D. at 226-227.

### C. EXCLUSION OF THE EVIDENCE IS REQUIRED.

There was absolutely no attempt on the part of the Defendant to disclose the documents at issue. Defendant failed to comply with Rule 26 and failed to supplement its interrogatory answers as required. The documents **must** be excluded. *See Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (Rule 26 "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified") (internal quotation marks and citation omitted); *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (noting that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless"). The "burden [is] on the potentially sanctioned party to prove harmlessness." *Roberts*, 325 F.3d at 782; *see also Salgado*, 150 F.3d at 741-42; *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20-21 (1st Cir. 2001); *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040-41 (5th Cir. 1999).

Here there is simply no justification for withholding documents and producing them, for the first time, as attachments to a motion for summary judgment. This is not harmless, since discovery is now closed and Plaintiff has no way to evaluate or conduct discovery on the documents provided. Exclusion is appropriate and necessary.

**CONCLUSION**:

For the reasons set forth herein, Plaintiff requests that the documents referenced above and in Plaintiff's Motion to Strike Defendant's Public Disclosure Defense and to Exclude Supporting

Documents be excluded.  Plaintiff further requests that Defendant's Public Disclosure defense be stricken as an appropriate sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii).