UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF IOWA ex rel. SUSAN THAYER,<br><br>Plaintiffs,<br><br>v.<br><br>PLANNED PARENTHOOD OF THE HEARTLAND, INC.<br><br>Defendant. | Case No. 4:11-cv-00129-JAJ-CFB<br><br>AMENDED PROTECTIVE ORDER |

The Government's Motion to Amend (ECF No. 228) the Protective Order (ECF No. 100) has been granted in a separate Order. The Protective Order entered August 31, 2016, (ECF No. 100) is amended as follows:

Pursuant to Rule 26(c)(l), FED. R. CIV. P., upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential and private information, including information that may be subject to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and provisions of the Iowa statutes, the Court now issues the following Amended Protective Order.

During the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. Certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals, or as otherwise authorized if information is possessed by the Government. Plaintiff–Relator Susan Thayer and Defendant Planned Parenthood of the Heartland, Inc., ("PPH") agreed to the original Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information. The Government was not part of that agreement, and has now proposed modified terms (ECF No. 228); PPH resists.

1

For good cause shown under Fed. R. Civ. P. 26(c), the Court hereby enters the following Amended Protective Order:

PROTECTIVE ORDER

1. Scope. All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. Nothing in this Order shall affect the admissibility of any document during the pendency of this litigation. Nothing in this Order shall affect the rights of a party producing Confidential Information to otherwise access and use its own documents.

2. Definition of Confidential Information. As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

    A. Medical information concerning any individual;

    B. Invoices, bills, payments and other financial records related to the amounts charged by Defendant or paid to Defendant for services provided to a patient;

    C. Any other information considered protected health information as defined by HIPAA;

    D. Personnel or employment records of any person;

    E.    Defendant's commercial or financial information that Defendant has maintained as confidential;

    F.    Proprietary business records;

    G.    Information that reveals Defendant's trade secrets;

    H.    Information protected from disclosure by state or federal law or regulation; and

    I.    All material data, and information obtained, derived, or generated from Confidential Information.

Information or documents that are available to the public may not be designated as Confidential Information.

    3.    Form and Timing of Designation. The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document in a manner that will not interfere with the legibility of the document. The marking will be applied prior to or at the time the documents are produced or disclosed.

With regard to electronically stored information or other information that is not amenable to stamping, the producing party may designate all or a portion of that information as Confidential Information in any separate written or electronic communication to opposing counsel or by placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on any media storage device containing the information, and all such Confidential Information will be treated as so designated for all purposes under this Order. Said

designation will be made simultaneously with the production or disclosure of the designated information. Any hard copies generated from media designated as Confidential Information for purposes of this Order shall be treated in the same way they would be treated under this Order if they were originally produced in hard copy. Any party printing hard copies from that media shall mark the hard copies "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

4. Inadvertent Failure to Designate. Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order.

5. Depositions. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. Until that thirty (30) day period expires, all deposition transcripts shall be treated as Confidential Information.

6. Protection of all Confidential Material.

(a) General Protections. Designated Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than to prepare for and to conduct

discovery and trial in this action, including any appeal thereof.

(b) Limited Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth in subparagraphs (l)–(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the preparation or trial of the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel, including any court-appointed mediators;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

(6) Consultants and Experts. Consultants, investigators, or experts whose assistance is necessary to assist counsel for the parties in the preparation and trial of this action (including testimony at trial or in other proceedings in this action) but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Authors and Previous Recipients. Those persons identified in the document as having authored or previously received the document;

(8) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Witnesses must return the portions of the transcript or exhibits containing the Confidential Information to the court reporter once the witnesses have completed the errata sheet. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Witnesses are hereby ordered to keep Confidential Information confidential as required by this Order; and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order, including reasonable data security measures. Counsel for the parties receiving Confidential Information must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the received Confidential Information along with the originals of the forms

signed by those persons acknowledging their obligations under this Order.

      7.     Filing of Confidential Information. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with Rule 5.c. of the Local Rules of the United States District Court for the Southern District of Iowa.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record will have access to the sealed documents.

      8.     Challenges to a Confidential Designation. The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party

asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. Use of Confidential Documents or Information at Trial or Hearing. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without publicly disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. Obligations on Conclusion of Litigation.

(a) Order Remains in Effect. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b) Return of Confidential Documents. Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the

---

[1] The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction.

producing party that it has done so.

11. Order Subject to Modification. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

13. Persons Bound by Protective Order. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

14. Jurisdiction. The court retains jurisdiction to enforce the provisions of this Order upon final disposition of this case.

15. Confidential Information Subpoenaed or Ordered Produced in Other Litigation. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing by email, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or

court order. The receiving party must not disclose any Confidential Information for seven business days following receipt by the designating party of such notification. If, within the seven business days, the designating party challenges the disclosure of Confidential Information in the court from which the subpoena or order issued, the receiving party must wait for the court to resolve the challenge before disclosing any Confidential Information.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

16. Qualified Protective Order. The terms of this Order as reflected above are intended to fulfill the requirements of a "qualified protective order" as that term is used in

45 C.F.R. § 164.5 1 2(e)(1).[2]

17.     Disclosure to Agencies or Departments of the United States. Nothing contained in the Amended Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated Confidential Information, in furtherance of the Department of Justice's role as a health oversight agency; nor shall anything contained in this Amended Protective Order prevent or in any way limit or impair the use of any such designated Confidential Information by any agency in any proceeding relating to the Department of Justice's role as a health oversight agency; provided, however, that the agency shall maintain the confidentiality of the designated Confidential Information consistent with the terms of this Amended Protective Order. If the Department of Justice determines that it is necessary to disclose Confidential Information to any agency or department of the United States, or any division of any such agency or department, for purposes other than in furtherance of its role as a health oversight agency, it may request leave of Court to disclose the information; the Court will determine whether notice to the producing party is required.

18.     Disclosure to Congress. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Confidential Information to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated

---

[2] However, pursuant to Paragraph 11, the parties reserve the right, among other things, to move for modification of this Order to provide for an "attorney's eyes" only designation for Confidential Information.

Confidential Information has been produced pursuant to this Amended Protective Order and shall, prior to disclosure, provide seven days' notice to the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

19. At the close of the litigation, all designated Confidential Information received by the United States will be returned or destroyed in accordance with Paragraph 10 of the Amended Protective Order unless they are to be used by any agency of the United States for any permitted purpose; provided, however, that the Civil Division shall have the right to maintain one copy of such designated Confidential Information for its Master Files.

20. In the event of a request by a third party (excluding Congress or any agency of the United States) for disclosure of designated Confidential Information, the United States will protect the information from disclosure to the fullest extent permitted by law and will give the relevant party or parties seven days' notice prior to the disclosure of designated Confidential Information to a third party. Additionally, the third party receiving the Confidential Information must be informed of, and adhere to, the terms of this Amended Protective Order.

IT IS SO ORDERED.

Dated this 23rd day of July, 2018.

*Celeste F. Bremer*

**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

ATTACHMENT A

ACKNOWLEDGEMENT
AND
AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *U.S. ex rel Susan Thayer v. Planned Parenthood of the Heartland, Inc.*, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Iowa in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:
Job Title:
Employer:
Business Address:


Date: _____           _____
                                         Signature