## IN THE U.S. DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| SUSAN THAYER,<br>Qui Tam Plaintiff/Relator<br><br>ON BEHALF OF HERSELF AND ON BEHALF OF THE U.S. OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>PLANNED PARENTHOOD OF THE HEARTLAND, INC. (f/k/a PLANNED PARENTHOOD OF GREATER IOWA, INC.),<br><br>Defendant. | Case No.  4:11-cv-00129-JAJ-CFB |

## STIPULATION REGARDING PHASE II

This Stipulation is entered between Plaintiff Relator Susan Thayer ("Plaintiff") and Defendant Planned Parenthood of the Heartland, Inc. ("PPH").

WHEREAS, the Court has bifurcated this matter into two phases, with Phase I limited to the oral contraceptive pill claims in Count I of the Third Amended Complaint and Phase II limited to the abortion unbundling claims in Count II of the Third Amended Complaint;

WHEREAS, PPH has produced a list that it represents is a list of patients who received an abortion procedure from PPH between October 1, 2005 to February 29, 2009 and who also had services at PPH that were paid by Medicaid during that same time period ("Phase II Patient List");

WHEREAS, Plaintiff requested the production of the full patient medical records (with redactions of personally identifiable information) of certain specific patients that appeared on the Phase II Patient List;

WHEREAS, of the patient records requested by Plaintiff, PPH has produced the records that it represents are the full patient medical records, with personally identifiable information redacted, of nineteen (19) patients from the Phase II Patient List, which are bates labeled PPH 12350-12973 and PPH 13012-13342 (the "19 Patient Files");

WHEREAS, the 19 Patient Files are among the list of patient files that Plaintiff specifically requested from the Phase II Patient List;

WHEREAS, Plaintiff claims that the 19 Patient Files demonstrate PPH submitted false claims to the government that are actionable under the False Claims Act, and intends to file a

motion for summary judgment on the Phase II Claim, as defined below;

WHEREAS, PPH disagrees and denies that the 19 Patient Files demonstrate that PPH submitted any actionable false claims under the False Claims Act, and PPH intends to move for summary judgment on Plaintiff's Phase II Claim, as defined below;

NOW, THEREFORE, to streamline the issues for Phase II discovery and to avoid any needless factual discovery, the Parties stipulate and agree as follows:

1. Phase II shall be limited to the following issue: whether PPH's purported action during the relevant time period of seeking reimbursement from Medicaid for patient office visits occurring after an abortion (the "Phase II Claim") is actionable under the False Claims Act. The Phase II Claim is the sole claim to be adjudicated in Phase II. Plaintiff does not assert other forms of alleged abortion unbundling.

2. The content of the 19 Patient Files are true and accurate and can be relied upon by the parties and the Court in any summary judgment proceedings related to Phase II. PPH need not produce any other patient files at this time and prior to the parties submitting cross motions for summary judgment on the Phase II Claim.

3. The 19 Patient Files that PPH has produced are not a statistically significant sample of all PPH patients who underwent an abortion procedure between October 1, 2005 to February 28, 2009 at PPH and for whom Medicaid paid for any charges for services provided by PPH during that time period. The Parties will use the 19 Patient Files solely as demonstrative examples in Phase II dispositive motion practice.

4. If the Court were to find that the Phase II Claim is actionable under the False Claims Act and PPH is liable for the Phase II Claim, the Parties will engage in subsequent fact discovery regarding the proper amount of damages based on instances of false claims.

5. For purposes of any dispositive motion practice in Phase II, Plaintiff will not use the 19 Patient Files as a basis for extrapolating the number of allegedly false claims in the relevant time frame of 2006-2008.

6. In turn, PPH will not rely upon the statistical insignificance of the 19 Patient Files as a basis for defending the Phase II Claim.

IT IS SO STIPULATED.

| Counsel for Plaintiff/Relator Susan Thayer: | Counsel for Defendant Planned Parenthood of the Heartland, Inc.: |
|---|---|
| By: /s/ J. Russell Hixson | By: /s/ Kristen C. Rodriguez |

<div style="display: flex;">

J. Russell Hixson
HIXSON & BROWN, P.C.
160 S. 68th Street, Suite 1108
West Des Moines, IA 50266
Telephone: (515) 222-2620
rhixson@hixsonbrown.com

Kevin H. Theriot
Kenneth J. Connelly
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
ktheriot@ADFlegal.org
kconnelly@ADFlegal.org

</div>

Alan S. Gilbert, *pro hac vice*
Kristen C. Rodriguez, *pro hac vice*
Cicely R. Miltich, *pro hac vice*
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Telephone: (312) 876-8000
alan.gilbert@dentons.com
kristen.rodriguez@dentons.com
cicely.miltich@dentons.com

Tony K. Lu, *pro hac vice*
DENTONS US LLP
101 Federal Street, Suite 2750
Boston, Massachusetts 02110
Telephone: (617) 235-6817
tony.lu@dentons.com

Jae Park, *pro hac vice*
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, California 92121
Telephone: (619) 595-8064
jae.park@dentons.com

Carter White, *pro hac vice*
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 398-7619
carter.white@dentons.com

Stanley J. Thompson
Jonathan C. Wilson
DAVIS BROWN KOEHN SHORS & ROBERTS PC
215 10th Street, Suite 1300
Des Moines, IA 50309
Telephone: (515) 288-2500
stanthompson@davisbrownlaw.com
jonathanwilson@davisbrownlaw.com