# IN THE U.S. DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SUSAN THAYER,<br>Qui Tam Plaintiff/Relator<br><br>ON BEHALF OF HERSELF AND ON BEHALF OF THE U.S. OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>PLANNED PARENTHOOD OF THE HEARTLAND, INC. (f/k/a PLANNED PARENTHOOD OF GREATER IOWA, INC.),<br><br>Defendant. | Case No. 4:11-cv-00129-JAJ-CFB<br><br>**DEFENDANT PLANNED PARENTHOOD OF THE HEARTLAND'S MOTION TO BIFURCATE FEE ISSUES OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME** |

Defendant Planned Parenthood of the Heartland, Inc. (f/k/a/ Planned Parenthood of Greater Iowa, Inc.) ("PPH"), by and through its undersigned counsel, respectfully moves for an order bifurcating the briefing on PPH's forthcoming Motion for Attorneys' Fees, or in the alternative, for an extension of time to file its Motion for Attorneys' Fees.

1. On May 20, 2020, this Court entered final judgment in favor of PPH. (Dkt. 322.)

2. As the prevailing party in this False Claims Act matter, PPH is entitled to move for attorneys' fees pursuant to 31 U.S.C. §3730(d)(4). PPH's deadline to file its Motion for Attorneys' Fees is currently June 3, 2020 under Federal Rule of Civil Procedure 54(d)(2)(B)(i).

3. An award of fees under is necessarily a two part inquiry. The first is whether PPH has a legal entitlement to attorneys' fees in this case. If PPH demonstrates that legal entitlement, the second issue is what amount of fees may be appropriate.

4. Federal Rule of Civil Procedure 54(d)(2)(C) provides that "[t]he court may decide issues of liability for fees before receiving submissions on the value of services." Courts

regularly allow the party moving for attorneys' fees to bifurcate the briefing into two parts, with the Court deciding whether the moving party has a legal entitlement to fees first, and allowing briefing as to the exact amounts of the fees thereafter. *See e.g., Johnson v. Endicott Clay Prods. Co.*, 2002 WL 539062 (D. Neb. April 11, 2002) (granting defendants' motion on issue of plaintiff's liability for defendants' fees, and setting schedule to submit documentation supporting itemization of fees); *Hudson v. Univ. Studios, Inc.*, 2009 WL 536564 (S.D.N.Y. March 4, 2009) (same); *Chivalry Film Prods. v. NBC Univ., Inc.*, 2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007) (same); *Allen v. Ghoulish Gallery*, 2008 WL 802980, at *1 (S.D. Cal. Mar. 24, 2008) (noting that "[a]s permitted under Federal Rule of Civil Procedure 54(d)(2)(C), the Court determined liability for attorney's fees before receiving submissions regarding the amount of such fees").

5. Accordingly, PPH respectfully requests that this Court bifurcate the briefing on the attorneys' fees issues. Specifically, PPH proposes that the parties first brief the issue of whether PPH has any legal entitlement to attorney's fees under 31 U.S.C. § 3730(d)(4)—namely, whether the claim "was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." If the Court rules in PPH's favor, PPH will submit documentation itemizing its fees and supporting the reasonableness of its fee request pursuant to Local Rule 54A.

6. This case encompasses over eight years' worth of litigation, and PPH's attorneys' time entries span hundreds of pages. The process of reviewing each time entry and redacting each narrative for any attorney-client privileged matter is a labor-intensive process for PPH's attorneys, who have been representing PPH *pro bono* for the entirety of this matter. PPH necessarily requires more than the currently authorized 14-days to complete this process.

7. Plaintiff-Relator would likewise need to expend efforts in reviewing PPH's fee request and responding to the reasonableness of PPH's fees in its brief. Therefore, bifurcation

would preserve the resources of the parties by allowing the parties to phase their efforts as appropriate to the Court's ruling, while also streamlining the issues before the court.

8. If the Court grants PPH's motion for bifurcation, and should the Court determine that PPH is entitled to attorneys' fees, PPH explicitly preserves any and all arguments related to the reasonableness as to the amount of fees claimed by PPH.

9. In the alternative, should the Court prefer that PPH brief all fee-related issues in one submission, PPH requests an extension of time to and including June 19, 2020, to submit its Motion for Attorneys' Fees.

Therefore, PPH respectfully requests that this Court grant PPH's motion to bifurcate the briefing for attorneys' fees and costs as permitted under Fed. R. Civ. P. 54(d)(2)(C), or in the alternative, to allow PPH an extension of time to and including June 19, 2020 to file its Motion for Attorneys' Fees.

Dated: June 1, 2020

> Respectfully submitted,
> /s/ Kristen C. Rodriguez
> *One of the Attorneys for Defendant*

| | |
|---|---|
| Alan S. Gilbert, *pro hac vice* <br> Kristen C. Rodriguez, *pro hac vice* <br> DENTONS US LLP <br> 233 S. Wacker Drive, Suite 5900 <br> Chicago, IL 60606 <br> Telephone: 312-876-8000 <br> alan.gilbert@dentons.com <br> kristen.rodriguez@dentons.com <br><br> Carter White, *pro hac vice* <br> DENTONS US LLP <br> 1221 Avenue of the Americas <br> New York, New York  10020-1089 <br> Telephone: 212-398-7619 <br> carter.white@dentons.com | Stanley J. Thompson <br> Jonathan C. Wilson <br> DAVIS BROWN KOEHN SHORS & ROBERTS PC <br> 215 10th Street, Suite 1300 <br> Des Moines, IA 50309 <br> Telephone: 515-288-2500 <br> stanthompson@davisbrownlaw.com <br> jonathanwilson@davisbrownlaw.com |

*Attorneys for Defendant Planned Parenthood of the Heartland, Inc.*

# IN THE U.S. DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SUSAN THAYER,<br>Qui Tam Plaintiff/Relator<br><br>ON BEHALF OF HERSELF AND ON BEHALF OF THE U.S. OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>PLANNED PARENTHOOD OF THE HEARTLAND, INC. (f/k/a PLANNED PARENTHOOD OF GREATER IOWA, INC.),<br><br>Defendant. | Case No. 4:11-cv-00129-JAJ-CFB |

## CERTIFICATE OF SERVICE

I, Kristen C. Rodriguez, hereby certify that on June 1, 2020, I caused the foregoing **DEFENDANT PLANNED PARENTHOOD OF THE HEARTLAND'S MOTION TO BIFURCATE FEE ISSUES OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

/s/ Kristen C. Rodriguez

114889585