# EXHIBIT 1



REPLY TO WEST DES MOINES OFFICE

February 14, 2018

Montgomery County Sheriff's Department
Attn: Civil Department
106 W Coolbaugh St
Red Oak, IA 51566

Re:   *United States of America, ex rel. Susan Thayer, individually v. Planned Parenthood of the Heartland, Inc.*
      Southern District of Iowa Case No.: 411-cv-00129-JAJ-CFB

Dear Sir or Madam,

Enclosed please find the following:

1. Subpoena directed to Pamela Estes for appearance at Deposition and a $40.00 check.

Please notify me by February 20, 2018, if you are unable to serve Ms. Estes at the address of 401 Halland Ave, Stanton, Iowa.

Thank you for your assistance in this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.

*Jenny M. Bishop*

Jenny M. Bishop

Assistant to Stanley J. Thompson

#2934262
DAVIS BROWN KOEHN SHORS & ROBERTS P.C.

PHONE 515.288.2500      THE DAVIS BROWN TOWER, 215 10TH ST., STE. 1300, DES MOINES, IA 50309
FIRM FAX 515.243.0654   THE HIGHLAND BUILDING, 4201 WESTOWN PKWY, STE. 300, WEST DES MOINES, IA 50266
WWW.DAVISBROWNLAW.COM   THE AMES OFFICE, 2605 NORTHRIDGE PKWY., AMES, IA 50010
                        THE EMMETSBURG OFFICE, 3004 MAIN ST., P.O. BOX 314, EMMETSBURG, IA 50536

**Exhibit 1**

**041058**

| 2/13/2018 | Pamela Estes | | | | |
|---|---|---|---|---|---|
| Inv. Date | Req. | Invoice No. | Description | Matter ID | Invoice Amt |
| 02/13/2018 | JMB | | Witness Fee for Depostion on March 8, | 6461720-24051 | $40.00 |

---

THIS CHECK HAS A VOID PANTOGRAPH AND MICROPRINTING        SEE LIST OF SECURITY FEATURES ON THE BACK. DO NOT CASH UNLESS ALL ARE PRESENT.

**DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
CASH ADVANCE ACCOUNT
215 10TH STREET, SUITE 1300
DES MOINES, IA 50309

WELLS FARGO BANK, N.A.
DES MOINES, IOWA 50309
33-22/730

**041058**

02/13/2018

$40.00

PAY   Forty & No/100 Dollars

TO THE ORDER OF   Pamela Estes

*[signature: Krystal Place]*

⑆041058⑆ ⑈073000228⑈ 334251080⑈



**Stanley J. Thompson**
StanThompson@davisbrownlaw.com
phone: 515-246-7985
West Des Moines Office

February 13, 2018

Pamela Estes
401 Halland Ave
Stanton, IA 51573

Re:  *United States of America, ex rel. Susan Thayer, individually v. Planned Parenthood of the Heartland, Inc.*
Southern District of Iowa Case No.:  411-cv-00129-JAJ-CFB

Dear Sir or Madam,

Enclosed please find a check for $40.00 as required by Federal Rule of Civil Proceeded 45(b)(1); 28 USC §1821 and another copy of the subpoena that was previously served on you. You have previously received the mileage check for the scheduled deposition on March 8, 2018.

If you have any questions, please do not hesitate to contact me.

Sincerely,

DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.

Stanley J. Thompson

#2934115
DAVIS BROWN KOEHN SHORS & ROBERTS P.C.

PHONE 515.288.2500        THE DAVIS BROWN TOWER, 215 10TH ST., STE. 1300, DES MOINES, IA 50309
FIRM FAX 515.243.0654     THE HIGHLAND BUILDING, 4201 WESTOWN PKWY., STE. 300, WEST DES MOINES, IA 50266
WWW.DAVISBROWNLAW.COM     THE AMES OFFICE, 2605 NORTHRIDGE PKWY., AMES, IA 50010
                          THE EMMETSBURG OFFICE, 3004 MAIN ST., P.O. BOX 314, EMMETSBURG, IA 50536

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

UNITED STATES OF AMERICA, ex rel.
SUSAN THAYER, individually,

    Plaintiff,

v.

PLANNED PARENTHOOD OF THE HEARTLAND, INC.,

    Defendant(s).

Case No. 411-cv-00129-JAJ-CFB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

TO: Pamela Estes
509 Center Street, Apt. 63
Stanton, IA 51573

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are in an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Madison County Courthouse - Third Floor Conference Room, 112 N. John Wayne Drive, Winterset, IA 50273 | Date and Time: March 8, 2018, at 9:30 A.M. |
| --- | --- |

The deposition will be recorded by this method: ____stenographic and video____

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically store information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 2, 2018

*CLERK OF COURT*

                                                OR

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| --- | --- |

The name, address, e-mail, and telephone number of the attorney representing Defendant who issues or requests this subpoena is: Stanley Thompson, Davis Brown Law Firm, 215 10th Street, Suite 1300, Des Moines, IA 50309, 515-288-2500, stanthompson@davisbrownlaw.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed R. Civ. P 45.)*

DATE                                    PLACE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date:* _____ *; or*

☐ I returned unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendant, and the mileage allowed by law in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).