# IN THE U.S. DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SUSAN THAYER,<br>Qui Tam Plaintiff/Relator<br><br>ON BEHALF OF HERSELF AND ON BEHALF OF THE U.S. OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>PLANNED PARENTHOOD OF THE HEARTLAND, INC. (f/k/a PLANNED PARENTHOOD OF GREATER IOWA, INC.),<br><br>Defendant. | Case No. 4:11-cv-00129-JAJ-CFB<br><br>**DECLARATION OF KRISTEN C. RODRIGUEZ** |

## DECLARATION OF KRISTEN C. RODRIGUEZ

I, Kristen C. Rodriguez, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1.  I am an attorney with Dentons US LLP ("Dentons"), and I am counsel of record for Planned Parenthood of the Heartland ("PPH") in the above-captioned matter.

2.  Since September 2012, Dentons has provided professional services to PPH in this matter. During portions of this time, I have supervised certain aspects of Dentons' representation of PPH in this case.

3.  Plaintiff-Relator Susan Thayer's ("Relator") operative Third Amended Complaint contained three claims - Counts I, II and III. The Court dismissed Count III in its entirety, and several theories under Count I. *See* Dkt. 137. Following that ruling, only portions of Count I and Count II remained. On the remaining portions of Count I, the Court granted PPH's motion for summary judgment, and denied Relator's motion for summary judgment, on April 2, 2019. *See* Dkt. 279. On Count II, the Court granted PPH's motion for summary judgment, and denied

1

Relator's motion for summary judgment, on May 19, 2020. *See* Dkt. 321. Judgment in PPH's favor was entered by the Court Clerk on May 20, 2020. Dkt. 322.

4. At my direction and under my supervision, there has been a thorough review of Dentons' records relating to the costs incurred by PPH for this litigation. The information contained in this Declaration has been prepared from that review, and the items herein are true and correct and were actually and necessarily performed. The amount that PPH has identified as costs recoverable under 28 U.S.C. § 1920 totals $14,974.91, as described in more detail below (detailing $14,772.71 in costs), and in the concurrently-filed Declaration of Stanley J. Thompson (detailing $202.20 in costs). These costs are all true and correct, and were actually and necessarily performed.

5. <u>Depositions</u>: PPH incurred costs of $12,213.85 for court reporter fees and deposition transcripts necessarily obtained for use in this case. Invoices supporting these costs are attached as Exhibits A-K. Costs for rough drafts, Realtime transcripts, and shipping and handling, among other things, have been omitted from the Bill of Costs and the totals listed below.

    a. <u>Deposition of Sue Haskell, D.O., taken March 7, 2018</u>: $473.00 for 220 copy pages, and $212.50 for the DVD copy. *See* Ex. A and B. Both video media and paper transcripts were necessarily obtained for use in this case. Excerpts of Haskell's deposition were submitted in connection with an event that terminated litigation; specifically, they were appended to both PPH's motion for summary judgment filed May 15, 2018 (Dkt. 225), and Relator's motion for summary judgment filed May 15, 2018 (Dkt. 224). The video media was also necessary, as Relator conducted Haskell's deposition as a video deposition, thus necessitating the electronic copy, and PPH ordered the DVD copy of the deposition for use at

trial in the event the witness was not available.  *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 466 (8th Cir. 2015) (allowing that there are "many circumstances" where both printed and electronically recorded transcripts are "necessarily obtained for use in the case," such as when parties plan to use electronic copies at trial, while retaining written transcripts for purposes of filing copies with the court).

        b.     <u>Deposition of Marjorie Easter, taken February 28, 2018</u>:  $150.50 for 70 copy pages, and $62.50 for the DVD copy.  *See* Ex. C and B.  Both video media and paper transcripts were necessarily obtained for use in this case.  Excerpts of Easter's deposition were submitted in connection with an event that terminated litigation; specifically, they were appended to both PPH's motion for summary judgment filed May 15, 2018 (Dkt. 225), and Relator's motion for summary judgment filed May 15, 2018 (Dkt. 224).  The video media was also necessary, as Relator conducted Easter's deposition as a video deposition, thus necessitating the electronic copy, and PPH ordered the DVD copy of the deposition for use at trial in the event the witness was not available.  *See Stanley*, 784 F.3d at 466.

        c.     <u>Deposition of Jennifer Warren-Ulrick, taken February 21, 2018</u>:  $591.25 for 275 copy pages, and $262.50 for the DVD copy.  *See* Ex. D and B.  Both video media and paper transcripts were necessarily obtained for use in this case. Excerpts of Ulrick's deposition were submitted in connection with an event that terminated litigation; specifically, they were appended to:  (1) PPH's motion for summary judgment filed May 15, 2018 (Dkt. 225); (2) Relator's motion for summary judgment filed May 15, 2018 (Dkt. 224); and (3) PPH's motion for summary judgment filed December 6, 2019 (Dkt. 300).  The video media was also necessary, as Relator conducted Ulrick's deposition as a video deposition, thus necessitating the electronic

copy, and PPH ordered the DVD copy of the deposition for use at trial in the event the witness was not available.  *See Stanley*, 784 F.3d at 466.

        d.       <u>Deposition of Dan Larson, taken February 20, 2018</u>: $107.50 for 50 copy pages, and $50.00 for the DVD copy.  *See* Ex. E and B.  Both video media and paper transcripts were necessarily obtained for use in this case.  Excerpts of Larson's deposition were submitted in connection with an event that terminated litigation; specifically, they were appended to PPH's motion for summary judgment filed May 15, 2018 (Dkt. 225).  The video media was also necessary, as Relator conducted Larson's deposition as a video deposition, thus necessitating the electronic copy, and PPH ordered the DVD copy of the deposition for use at trial in the event the witness was not available.  *See Stanley*, 784 F.3d at 466.

        e.       <u>Deposition of Paula Laube, taken February 27, 2018:</u>  $360.25 (transcript only) and $47.80 for the DVD copy.  *See* Ex. F and G.  Both video media and paper transcripts were necessarily obtained for use in this case.  Excerpts of Laube's paper transcript were submitted in connection with an event that terminated litigation; specifically, they were appended to both PPH's motion for summary judgment filed May 15, 2018 (Dkt. 225), and Relator's motion for summary judgment filed May 15, 2018 (Dkt. 224).  The video media was also necessary, as Relator conducted Laube's deposition as a video deposition, thus necessitating the electronic copies, and PPH ordered DVD video copies of the deposition for use at trial in the event the witness was not available.  *See Stanley*, 784 F.3d at 466.

        f.       <u>Deposition of Susan Thayer, taken February 8, 2018</u>: $5,286.55.  *See* Ex. H and I.  The total cost includes:

            i.       $1,620.00 for the original and one copy.  PPH requested the deposition and incurred the stenographic costs.  *See* Ex. H.

            ii.      $600.00 for the court reporter's attendance fee.  *See id*.

      iii.     $191.05 for cost of copies for papers obtained as exhibits in the deposition and for scanning. *See id.*[1]

      iv.     $2,875.50 for video media, including the cost of the copy ($1,470.00); electronic media support (media and cloud services, and digitizing & transcript synchronization) ($1,305.50); and costs of exhibits ($100.00). *See* Ex. I.[2]

Both video media and paper transcripts were necessarily obtained for use in this case. Excerpts of Thayer's deposition were submitted in connection with an event that terminated litigation; specifically, they were appended to: (1) PPH's motion for summary judgment filed May 15, 2018 (Dkt. 225); (2) Relator's motion for summary judgment filed May 15, 2018 (Dkt. 224); (3) PPH's motion for summary judgment filed PPH's motion for summary judgment filed December 6, 2019 (Dkt. 300); and (4) Relator's motion for summary judgment filed December 6, 2019 (Dkt. 298). For this key witness, video media was also necessary at the time it was taken for future use at trial. *See Stanley*, 784 F.3d at 466.

    g.    <u>Deposition of Pamela Estes, taken March 8, 2018</u>: $4,609.50. *See* Ex. J and K. The total cost includes:

      i.     $1,534.50 for the original and one copy. PPH requested the deposition and incurred the stenographic costs. *See* Ex. J.

      ii.     $487.50 for the court reporter's attendance fee. *See id.*

      iii.     $165.00 for cost of copies for papers obtained as exhibits in the deposition and for scanning. *See id.*[3]

      iv.     $2,422.50 for video media, including the cost of the copy ($1,190.00); electronic media support (media and cloud services, and

---

[1] Charges for shipping and handling, Realtime, rough draft, and "Litigation Package" have been omitted from the Bill of Costs. *See* Ex. H.

[2] Charges for shipping and handling on the original invoice have been omitted from the Bill of Costs. *See* Ex. I.

[3] Charges for shipping and handling, Realtime, and "Litigation Package" have been omitted from the Bill of Costs. *See* Ex. J.

>   digitizing & transcript synchronization) ($1,130.50); and costs of exhibits ($102.00).  *See* Ex. K.[4]

Both video media and paper transcripts were necessarily obtained for use in this case.  Excerpts of Estes's deposition were submitted in connection with an event that terminated litigation; specifically, they were appended to:  (1) PPH's motion for summary judgment filed May 15, 2018 (Dkt. 225); (2) Relator's motion for summary judgment filed May 15, 2018 (Dkt. 224); and (3) PPH's motion for summary judgment filed PPH's motion for summary judgment filed December 6, 2019 (Dkt. 300).  Video media was also necessary at the time it was taken for future use at trial.  *See Stanley*, 784 F.3d at 466.

>   6.      PPH incurred total costs of $492.15 for transcripts of three court proceedings necessarily obtained in this case.

>>   a.      Transcript of the status conference held January 18, 2018: $174.25.  *See* Ex. L.  This transcript was necessary for use in the case.  At the status conference, the parties discussed details regarding upcoming discovery deadlines, expert witnesses, and depositions, including the scope of witness obligations under Rule 30(b)(6), and the Court gave guidance regarding the same.  This transcript was necessary for PPH to prepare for its motion for summary judgment filed May 15, 2018 (Dkt. 225) and related filings.  Thus, the transcript had a direct relationship to the disposition of this case.

>>   b.      Transcript of the status conference held March 15, 2018:  $40.50.  *See* Ex. M.  This status conference was a continuation of the status conference that took place on January 18, 2018.  The parties discussed witnesses, depositions, and the scope of upcoming motions for summary judgment, and the Court provided guidance regarding the same.  This transcript was

---

[4] Charges for shipping and handling on the original invoice have been omitted from the Bill of Costs.  *See* Ex. K.

necessary for PPH to prepare various discovery productions, its motion for summary judgment in light of the Court's orders therein (Dkt. 225), and related filings. Thus, the transcript had a direct relationship to the disposition of this case.

    c. <u>Transcript of the hearing on Relator's motion to compel filed April 3, 2018 (Dkt. 204), held on May 3, 2018</u>: $119.90. *See* Ex. N. The issues discussed in this hearing were a continuation of those raised in the status conferences held on January 18 and March 15, 2018, and the Court provided guidance on the scope of discovery for the purposes of upcoming motions for summary judgment. Specifically, PPH's disclosure of witness Rebecca Simer was discussed. Thus, the transcript had a direct relationship to the disposition of this case. On May 4, 2018, PPH necessarily ordered this transcript on an expedited basis because its motion was due less than two weeks after the May 3 hearing. This transcript was also necessary for PPH to prepare its resistance to Relator's Motion to Strike the Declaration of Rebecca Simer (Dkt. 257), which was filed in the course of briefing PPH's motion for summary judgment on Phase I (Dkt. 225).

    d. <u>Transcript of hearing on Relator's motion to amend (Dkt. 228) order on motion for protective order by USA (Dkt. 100), held on June 28, 2018</u>: $157.50. *See* Ex. O. Beyond the motion to amend the protective order, the issues discussed in this hearing included a continuation of those raised in the status conferences held on January 18, March 15, and May 3, 2018, and the Court evaluated the parties' initially arguments regarding the propriety of Relator's Motion to Strike the Declaration of Rebecca Simer (Dkt. 257), which was filed in the course of briefing PPH's motion for summary judgment on Phase I (Dkt. 225). This transcript was necessary for PPH to prepare its resistance to Relator's Motion to Strike the Declaration of Rebecca Simer (Dkt. 257), which was filed in the course of briefing PPH's motion for summary

judgment on Phase I (Dkt. 225).  Thus, the transcript had a direct relationship to the disposition of this case.

7. PPH incurred taxable witness fees of $40.00 for the deposition of Relator's expert witness, Wendy Britton-Knau.  *See* Ex. P.[5]  Britton-Knau testified in her deposition on February 8, 2018.[6]  As detailed at ¶ 5(f), above, and ¶ 8, below, Britton-Knau's testimony was reasonably necessary for the resolution of the case, as excerpts of her testimony, and copies of her expert opinions, were filed in connection with events terminating litigation, by both PPH and Relator, in their cross-motions for summary judgment filed May 15, 2018 and December 6, 2019.  *See* Dkts. 224, 225, 298, 300.

8. PPH incurred $664.08 in photocopy costs, at a rate of $0.10 per page, paid to an outside vendor, which were necessarily incurred in copying the documents the Relator's expert witness, Wendy Britton-Knau, relied upon in forming her opinions regarding the abortion-related claims and/or cited in her written opinion.  *See* Ex. Q.  Relator made these documents available to PPH on the condition that PPH pay for the copying charges.  Britton-Knau's opinions, along with excerpts of her testimony, were filed in connection with events terminating litigation, by both PPH and Relator, in their cross-motions for summary judgment filed May 15, 2018 and December 6, 2019.  *See* Dkts. 224, 225, 298, 300.

9. PPH incurred $837.63 in taxable eDiscovery copying costs, as detailed in the next paragraph.  *See Stanley*, 784 F.3d at 467 (discovery-related copying costs are taxable); *Jo Ann Howard & Assoc. v. Cassity*, 146 F. Supp. 3d 1071, 1083-84 (E.D. Mo. 2015) (citing *CBT Flint*

---

[5] Britton-Knau charged and PPH paid $1,200 in witness fees pursuant to Rule 26(b)(4)(E)(i); PPH does not seek the total amount charged.  *See* Ex. P.

[6] Because the court reporter arrived at the deposition late, Ms. Knau's deposition costs were waived and not charged to PPH.  Therefore, PPH does not seek them here.

*Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320 (Fed. Cir. 2013)) (taxing costs associated with production of documents pursuant to stipulated discovery agreement, and concluding taxable copying costs include OCR scanning, TIFF conversions, producing load files, imaging of computer storage drives, transferring files from one drive or disc to another, and extracting or imaging metadata).

10. PPH's electronic production of documents to Relator totaled 3.35053 GB of data. *See* Ex. R (list detailing PPH's electronic productions and size of each, based on Dentons' records). PPH incurred data processing costs of $250.00 per GB in the course of copying and preparing material held electronically for production to Relator pursuant to Relator's discovery requests. The costs associated with producing that data included the cost of scanning, conversion, loading, imaging, and metadata extraction. The $250 cost per GB is Dentons' standard flat cost for the activities associated with the production of electronically stored information ("ESI") pursuant to the parties' ESI protocol. *See* Dkt. 101. Dentons handles all ESI internally through in-house processing, hosting, and internal billing systems, and need not engage outside vendors for most e-discovery purposes.

11. PPH incurred costs of $525 in *pro hac vice* filing fees for Tiffany Amlot, Alan Gilbert, Kristen Rodriguez, Tony Lu, Rosanne Sangiacomo, Thomas White, and Jae Park. *See* Dkt. 24-27, 103, 143, 195, 198; *see also Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894 (8t Cir. 2009) (*pro hac vice* fees recoverable as fees of the clerk under 28 U.S.C. § 1920).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of June, 2020.

    /s/ Kristen C. Rodriguez
    KRISTEN C. RODRIGUEZ

114882603