# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. SUSAN THAYER, | ) ) ) ) |
| Plaintiff, | ) No. 4:11-cv-00129-JAJ-CFB ) |
| v. | ) Chief Judge Jarvey ) |
| PLANNED PARENTHOOD OF THE HEARTLAND, INC., | ) ) ) |
| Defendant. | ) ) |

### PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF DEFENDANT'S BILL OF COSTS PENDING PLAINTIFF'S APPEAL AND OPPOSITION TO DEFENDANT'S BILL OF COSTS.

On May 20, 2020, this Court entered judgment in favor of Defendant Planned Parenthood of the Heartland ("PPH") in this matter. (Dkt. No. 322). On June 3, 2020 PPH filed its Bill of Costs in this matter. (Dkt. No. 325). Counsel for Plaintiff/Relator Sue Thayer contacted counsel for PPH to request that PPH agree to stipulate to defer consideration of costs and fees until after the appeal in this matter was concluded, but counsel for PPH decided not to so stipulate.

### MOTION TO DEFER CONSIDERATION OF DEFENDANT'S BILL OF COSTS PENDING PLAINTIFF'S APPEAL

Plaintiff/Relator Sue Thayer first moves the Court to defer any consideration of Defendant's Bill of Costs until after the resolution of the appeal she is pursuing at the United States Court of Appeals for the Eighth Circuit. *See* Notice of Appeal filed June

1

8, 2020, (Dkt. No. 326). Federal Rule of Civil Procedure 54(d)(2)(B) permits a district court to defer ruling on a request for attorney's fees until a pending appeal has been decided. *See* Comments to Fed. R. Civ. P. 54 (1993 amendments) ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."). Courts have found that the "reasoning of the Advisory Committee's note [on attorney's fees] is applicable to a ruling on a bill of costs" as well. *Lasic v. Moreno*, No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007) (holding that "[i]t is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending," and deciding that "in the interests of judicial economy, ruling on the Defendant's Bill of Costs should be deferred until the pending appeal is disposed"); *Zimmerman v. R & S Trucking*, No. 4:05-cv-0031-DFH-WGH, 2006 WL 3360537, at *2 (S.D. Ind. Nov. 16, 2006) (holding that "the court may stay consideration of the [bill of costs] issue pending appeal," granting plaintiff's motion in that regard, and "contemplate[ing] scheduling a conference with counsel for both sides to address the amount of costs properly taxable" after the appeal was concluded). The Eighth Circuit's approval of the district court's decision to defer ruling on both costs and attorney's fees in *National Farmers' Organization, Inc. v. Associated Milk Producers, Inc.*, 850 F.2d 1286 (8th Cir. 1988), is instructive in this regard and only provides further support for deferring consideration of Defendant's Bill of Costs. There the Court stated that the district court "wisely deferred ruling on attorney's fees and costs

pending appeal," thereby avoiding such "time-consuming task[s] . . . only to see the effort overturned on appeal." *Id.* at 1312. Accordingly, Plaintiff moves this Court to proceed consistent with the *Lasic*, *Zimmerman*, and *National Farmers* courts and defer consideration of Defendant's Bill of Costs pending Plaintiff's appeal.

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS

In the alternative, Thayer makes the following objections to the costs submitted by PPH.

1. The video copies of depositions noticed by Thayer are not properly taxable to her under 28 U.S.C.A. § 1920 given the circumstances of this case. PPH cites to *Stanley v. Cottrell, Inc.*, 784 F.3d 454 (8th Cir. 2015), in support of its seeking of costs for these video copies, but that case does not justify taxing Thayer for such copies. *Stanley* permits recoupment of costs for "both printed and electronically recorded transcripts of the same deposition" when they are "necessarily obtained for use in the case." *Id.* at 466 (quoting 28 U.S.C. § 1920(2)). Here, however, because PPH had no need to access both versions to submit its motions for summary judgment as to Counts I and II, they were not **both** "necessarily obtained for use in the case." Thayer noticed and incurred the costs for the stenographic and video recordings of the depositions of Sue Haskell, Marjorie Easter, Jennifer Warren-Ulrick, Dan Larson, and Paula Laube. As part of this process, Thayer obtained an original DVD copy of the deposition. There was thus no need for PPH to obtain a separate DVD in the event a witness was unavailable at trial, as asserted by PPH counsel. *See* Rodriguez Decl. ¶¶ 5(a.-e.). This is especially true in that no trial was ever even scheduled. As a result, PPH's asserted costs related to the

unnecessary securing of DVD copies of these depositions, totaling $635.30, should not be taxed to Thayer.

2. The electronic media support related to depositions noticed by PPH should not be taxed to Thayer, as these are not supported by either 28 U.S.C.A. § 1920 or *Stanley*. Such costs were not "necessarily obtained for use in the case." 784 F.3d at 466 (quoting 28 U.S.C. § 1920(2)). Rather, such costs are plainly "procured primarily for counsel's convenience," which the district's own handbook establishes are not taxable. United States District Court, Southern District of Iowa, Bill of Costs Guidelines at 5 ("Taxation will not be allowed if the transcript was procured primarily for counsel's convenience. *McDowell v. Safeway Stores*, 758 F.2d 1293 (8th Cir. 1985). Additionally, the transcript must have a direct relationship to the determination and result of the trial."). There was, for instance, no need to arrange for electronic media support, to include "digitizing and transcript synchronization," when PPH already had original DVD copies of the depositions it noticed (and is already taxing Thayer $1,470.00 for a DVD copy of Thayer's deposition and $1,190.00 for Estes' deposition). To permit the taxing of such costs would be to countenance not only the recovery of "both printed and electronically recorded transcripts of the same deposition," but various and sundry conveniences not permitted by statute or controlling case law.  The $1,305.50 costs for electronic media support for Thayer's deposition and the $1,130.50 costs for Estes' deposition, *see* Rodriguez Decl. ¶¶ 5(f.-g.), should be left where they belong—with PPH. They were obtained for the sake of convenience and the particular habits and practices of counsel for PPH, and were thus not "necessarily obtained for use in the case." In fact the district's Bill of Costs Guidelines list a "disk" or "CD-ROM" as the type of recoverable "[e]lectronic media support"—nowhere do they mention or provide support for the type of

4

costly and unnecessary "digitization" or "synchronization" reimbursement sought by PPH here. Guidelines at 6. PPH's assertion that "video media was . . . necessary at the time it was taken for future use at trial" does not justify taxing such costs to Thayer. Once PPH obtained a DVD copy of the deposition it noticed (which Thayer is not objecting to as a cost, as she herself obtained a DVD copy of the depositions she noticed), it had all it needed, especially when trial was nowhere on the horizon. PPH was well aware that dispositive motion practice would occur prior to a trial date even being set. If PPH did not prevail on either of its motions for summary judgment, there would be plenty of time for it to have the depositions and videotape synchronized if a trial date was ever set. This $2,436.00 sum should therefore be subtracted from PPH's Bill of Costs.

3. PPH is attempting to tax Thayer for a transcript for a motion hearing discussing a motion filed by the United States Government to amend the protective order on this matter. *See* Rodriguez Decl. ¶6(d.). The motion was not filed by Thayer, and furthermore, the government prevailed. Moreover, this transcript does not have a "direct relationship to the determination and result of the trial," which it must to be recoverable. *See* Guidelines at 5. This $157.50 should not be taxed to Thayer.

In conclusion, to the extent the Court opts not to defer but rather decides to tax fees at this time against Thayer, Thayer objects that $3,228.80 of the fees submitted by PPH are not taxable to her, and therefore requests that the court subtract that figure from the total submitted by PPH.

Respectfully submitted this 17th day of June, 2020.

ATTORNEYS FOR PLAINTIFF-RELATOR SUSAN THAYER

LEAD COUNSEL:

*/s/ J. Russell Hixson*
J. RUSSELL HIXSON
HIXSON & BROWN, P.C.
160 S. 68th Street, Suite 1108
West Des Moines, IA 50266
Tel.: (515) 222-2620
rhixson@hixsonbrown.com

Kevin H. Theriot
Kenneth J. Connelly Jr.
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Tel.: (480) 444-0020
ktheriot@ADFlegal.org
kconnelly@ADFlegal.org

## CERTIFICATE OF SERVICE

I, J. Russell Hixson, an attorney, hereby certify that on the 17th day of June, 2020, the foregoing was filed with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

Alan S. Gilbert, *pro hac vice*
Kristen C. Rodriguez, *pro hac vice*
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
kristen.rodriguez@dentons.com

Jae Park, *pro hac vice*
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, California 92121
jae.park@dentons.com

Carter White, *pro hac vice*
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
carter.white@dentons.com

Tony K. Lu, *pro hac vice*
DENTONS US LLP
101 Federal Street, Suite 2750
Boston, MA 02110
tony.lu@dentons.com

Stanley J. Thompson
Jonathan C. Wilson
DAVIS BROWN KOEHN SHORS & ROBERTS PC
215 10th Street, Suite 1300
Des Moines, IA 50309
stanthompson@davisbrownlaw.com
jonathanwilson@davisbrownlaw.com

 

                     */s/ J. Russell Hixson*
                     J. Russell Hixson