## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. SUSAN THAYER, <br><br> Plaintiff, <br><br> v. <br><br> PLANNED PARENTHOOD OF THE HEARTLAND, INC., <br><br> Defendant. | No. 4:11-cv-00129-JAJ-CFB <br><br> Chief Judge Jarvey <br><br> **PLAINTIFF'S MOTION TO STAY FURTHER BRIEFING AND DEFER DEFENDANT'S MOTION FOR ATTORNEYS' FEES WHILE APPEAL IS PENDING, OR FOR PERMISSION TO TAKE DISCOVERY TO RESPOND TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |

## INTRODUCTION

Defendant Planned Parenthood of the Heartland filed a petition for attorney

fees that requests an award of more than $2 million. PPH supports its petition with

hundreds of pages of supporting documents. And the motion's resolution will

require the parties to litigate, and this Court to resolve, numerous issues as to

whether this hard-fought litigation was "clearly frivolous, clearly vexatious, or

brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). That inquiry

necessarily implicates the entire procedural history and substantive merits of this

case. Because Plaintiff Susan Thayer has already appealed the final judgment to

the Eighth Circuit, it makes little sense to initiate another round of intense

litigation until that appeal has resolved. Yet when Thayer asked PPH to defer the

attorney-fee question until then, PPH said no. Accordingly, Thayer respectfully requests that this Court hold the attorney-fee petition in abeyance pending the completion of the Eighth Circuit proceedings. Alternatively, Thayer asks that the Court grant discovery to Thayer so she can properly respond to the petition.

## BACKGROUND

On May 20, 2020, this Court entered judgment in favor of Defendant PPH (Dkt. No. 322). On June 1, 2020, Defendant PPH filed a Motion to Bifurcate/Sever Fee Issues or in the Alternative for an Extension of Time to File its Fee Petition (Dkt. No. 323). Soon thereafter, Thayer's counsel contacted PPH's counsel to explore whether the parties could agree to stipulate to defer consideration of the fee issue in light of Thayer's intention to appeal. On June 2, 2020, before the parties had resolved that issue, this Court granted PPH's alternative request and set June 19, 2020, as the date for PPH's submission of its fee petition (Dkt. No. 324). PPH's counsel then notified Thayer's counsel that PPH would not be willing to stipulate to deferring consideration of the fee issue until after the appeal was resolved.

On June 8, 2020, Thayer filed her Notice of Appeal. (Dkt. No. 326). On June 19, 2020, PPH filed its Motion for Attorneys' Fees. (Dkt. No. 332). In its motion, Defendant seeks over $2 million in fees, both from Thayer and from counsel, and its fee submissions total in the hundreds of pages. Resolving the petition will require the Court to resolve, among other things, whether this action was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4), John Boese, *Civil False Claims and Qui Tam Actions* (§ 4.09[B]) at 4-

325. Resolving that question will necessarily implicate the entire procedural history and substantive merits of this case, along with other immaterial issues introduced by PPH. *See* Brief in Support of Defendant's Motion for Attorneys' Fees, Dkt. No. 332-1.

"A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). But that is precisely what resolving PPH's $2 million+ demand will require. Indeed, responding to the issues PPH has raised will not only require a considerable amount of time, but also discovery to counter the many baseless allegations it levels against Thayer's counsel. PPH cannot accuse Thayer's counsel of bad faith without the Court giving them the opportunity to properly respond and fully develop the record.

Accordingly, Thayer requests under Federal Rule of Civil Procedure 54(d)(2)(B) that this Court stay any further briefing and defer consideration of fees and costs until after Thayer's appeal to the Eighth Circuit is resolved,[1] or summarily deny PPH's motion without prejudice pending that appeal. In the alternative, Thayer requests a scheduling conference to discuss and plan for the discovery period that will be necessary to resolve the fee petition. In the event the Court denies both requests, for the reasons discussed below, Thayer moves the Court for eight weeks to submit its opposition to PPH's Motion for Attorney's Fees.

---

[1] *See* Thayer's Motion to Defer Consideration of Defendant's Bill of Costs Pending Thayer's Appeal (Dkt. No. 331).

## ARGUMENT

PPH tries to prove that Thayer's case was vexatious by recounting this case's extensive procedural history. Def.'s Br. 7-11.  But merely reciting the docket does not satisfy the "stringent test . . . for the recovery of attorney fees by defendant." *U.S. ex rel Montgomery v. St. Edward Mercy Med. Ctr.*, No. 4:05-CV-00899 GTE, 2008 WL 110858, at *1 (E.D. Ark. Jan. 8, 2008). PPH also recounts Thayer's summary judgment arguments and evidence proffered to suggest that her case was *ipso facto* frivolous simply because she did not prevail. Def's Br. at 11-13; 16. But that is not the standard: "So long as there is some basis for the claim[s], a prevailing defendant may not recover attorney fees." *U.S. ex rel. Onnen v. Sioux Falls Indep. Sch. Dist. No. 49-5*, No. CIV. 07-4174, 2011 WL 5976298, at *3 (D.S.D. Nov. 29, 2011), aff'd, 688 F.3d 410 (8th Cir. 2012). *Accord, e.g., United States ex rel. Donegan v. Anesthesia Assocs. of Kansas City*, PC, No. 4:12-CV-0876-DGK, 2015 WL 12839127, at *1 (W.D. Mo. July 23, 2015) (refusing to award attorney's fees to defendant based on summary judgment grant).

PPH also seeks to recover fees from Plaintiff's counsel under 28 U.S.C. § 1927, alleging that counsel "vexatiously multiplied this proceeding," Dkt. No. 332-1 at 16-18. But documents and testimony will show that Thayer's counsel made countless efforts to amicably and as expeditiously as possible resolve the many discovery issues that arose throughout the case. In fact, Magistrate Judge Bremer recently commended *both* parties' counsel for the "civility, collegiality, and level of professionalism [they] demonstrated . . .  in completing the discovery in a focused

4

way proportional to the needs of the case" as briefing on summary judgment approached. Text Order, Dkt. No. 293 (Oct. 4, 2019). And earlier in discovery, Judge Bremer explained that Thayer's counsel had "attempted, repeatedly, to narrow the scope of her discovery requests, and to work within the constraints of PPH's record retention system." Order on Discovery Motions, Dkt. No. 169 at 3 (Aug. 18, 2017). Judge Bremer, too, commended counsel "for their civility and professionalism in these ongoing efforts." *Id.*

PPH's attempt to misuse 28 U.S.C. § 1927 to punish Thayer's counsel justifies allowing discovery into the matter. *See, e.g.*, *In re Diet Drugs*, 582 F.3d 524, 538 (3d Cir. 2009) (permitting objectors to take limited discovery to resolve fee issue). PPH seeks over $2 million from both Thayer and her counsel and has asserted bad faith against the latter stretching back as far as eight years. Such serious accusations require a detailed response, and discovery is necessary to make that possible. As it stands now, neither Thayer nor this Court have been provided with any specific examples that would evidence a vexatious attempt by Thayer's counsel to extend discovery. Thayer's counsel is left guessing as to the basis of PPH's assertions.

Under these circumstances, and in light of her pending appeal which could render moot any present fee assessment by this Court, it makes eminent sense to defer any consideration of costs and fees at this time, or to summarily deny PPH's motion pending Thayer's appeal. Federal Rule of Civil Procedure 54(d)(2)(B) allows

this Court to defer ruling on PPH's request for attorneys' fees until after Thayer's

appeal has been decided. *See* Comments to Fed. R. Civ. P. 54 (1993 amendments).

Staying briefing and deferring consideration of the fee issue—or denying

PPH's motion without prejudice—makes the most sense under the circumstances

presented here. PPH's motion is no garden variety fee petition—it is a personal

broadside against Thayer and her counsel that implicates the entire procedural

history and substantive merits of this case, essentially amounting to a "second

major litigation." *Hensley*, 461 U.S. at 437. Responding to PPH's arguments will

require independent discovery and thus considerable time and effort not only for

Thayer to respond but also for this Court to rule. In addition, it will require

Thayer's counsel to review and potentially submit thousands of emails, letters, and

other communications over the 8 years that evidence the professionalism of

Thayer's counsel in attempting to resolve discovery disputes with PPH's counsel

and in attempting to move the litigation forward. Moreover, all the effort put in to

resolving the fee issue will have been wasted if Thayer prevails in her appeal on

those merits.

The Eighth Circuit's ruling in *National Farmers' Organization Incorporated*

*v. Associated Milk Producers, Incorporated* demonstrates that deferral is the

appropriate course of action here.  850 F.2d 1286 (8th Cir. 1988). In *National*

*Farmers*, the district court had denied without prejudice an initial motion for

attorney fees and costs because any award would have been "based on judgments

that [were] subject to immediate appellate review," rendering the award "nothing

more than an exercise in futility unless it [could be] assumed that [the district court would] eventually be affirmed." *Alexander v. Nat'l Farmers Org.*, 637 F. Supp. 1487, 1500 (W.D. Mo. 1986). To avoid that "exercise in futility," the district court correctly refused to engage in "what promise[d] to be a second major litigation in connection with [the] request for an attorneys' fee award." *Id.* The Eighth Circuit affirmed, explaining that "rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal . . . the district court wisely deferred ruling on attorney's fees and costs pending appeal." *Nat'l Farmers*, 850 F.2d at 1312. Other courts have reached the same conclusion in similar circumstances. *E.g.*, *Hammond v. Alcoa, Inc.*, No.08-1746, 2009 WL 464319, at *1 (W.D. Pa. Feb. 24, 2009) (exercising the court's discretion to deny a motion for fees, without prejudice, based on the court's finding that it was "premature" while an appeal was pending and where the motion was "comprised of arguments regarding the substantive merits of plaintiffs' claims" and whether those claims were frivolous); *Hipp v. Liberty Nat. Life Ins. Co.*, 65 F. Supp.2d 1314, 1323 (M.D. Fla. 1999) ("In the interests of judicial economy, the Court will . . . defer ruling on costs and attorneys' fees until all appeals have been resolved."). The same logic applies here.

## CONCLUSION

This Court should defer consideration of the fee issue or summarily deny PPH's motion, without prejudice, pending resolution of Thayer's appeal to the Eighth Circuit. In the alternative, Thayer requests that this Court set a scheduling

conference to discuss the discovery period necessary for Thayer to properly respond to PPH's motion. If the Court chooses not to defer and also denies Thayer's motion for limited discovery, forcing the fee issue to be litigated now and without an adequate record, then Thayer requests eight weeks from the date of the Court's order denying Thayer's requested relief to file a response to PPH's Motion for Attorneys' Fees. This will give Thayer the opportunity to properly respond to PPH's various and sundry allegations against Thayer and her counsel; to correct PPH's mischaracterizations of this case and its procedural history; to address line-by-line the voluminous billing documents PPH submitted; and to make arrangements with the Eighth Circuit to reset the scheduling in the appeal to account for the potential interposition of the fee issue as a consolidated case. In the event the Court opts not to defer or permit discovery, Thayer also requests leave to use the same 24-page limit that PPH used to brief its motion.

Respectfully submitted this 26th day of June, 2020.

ATTORNEYS FOR PLAINTIFF-RELATOR
SUSAN THAYER

LEAD COUNSEL:

*/s/ J. Russell Hixson*
J. RUSSELL HIXSON
HIXSON & BROWN, P.C.
160 S. 68th Street, Suite 1108
West Des Moines, IA 50266
Tel.: (515) 222-2620
rhixson@hixsonbrown.com

Kevin H. Theriot
Kenneth J. Connelly Jr.
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street

Scottsdale, AZ 85260
Tel.: (480) 444-0020
ktheriot@ADFlegal.org
kconnelly@ADFlegal.org

## CERTIFICATE OF SERVICE

I, J. Russell Hixson, an attorney, hereby certify that on the 26th day of June, 2020, the foregoing was filed with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

Alan S. Gilbert, *pro hac vice*
Kristen C. Rodriguez,
*pro hac vice*
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
kristen.rodriguez@dentons.com

Jae Park, *pro hac vice*
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, California 92121
jae.park@dentons.com

Carter White, *pro hac vice*
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-
1089
carter.white@dentons.com

Tony K. Lu, *pro hac vice*
DENTONS US LLP
101 Federal Street, Suite 2750
Boston, MA 02110
tony.lu@dentons.com

Stanley J. Thompson
Jonathan C. Wilson
DAVIS BROWN KOEHN SHORS &
ROBERTS PC
215 10th Street, Suite 1300
Des Moines, IA 50309
stanthompson@davisbrownlaw.com
jonathanwilson@davisbrownlaw.com

*/s/ J. Russell Hixson*
J. Russell Hixson