IN THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUSAN THAYER,<br>Qui Tam Plaintiff/Relator<br><br>ON BEHALF OF HERSELF AND ON BEHALF OF THE U.S. OF AMERICA AND THE STATE OF IOWA,<br><br>Plaintiffs,<br><br>vs.<br><br>PLANNED PARENTHOOD OF THE HEARTLAND, INC. (f/k/a PLANNED PARENTHOOD OF GREATER IOWA, INC.),<br><br>Defendant. | Case No. 4:11-cv-00129-JAJ-CFB<br><br>**DEFENDANT PLANNED PARENTHOOD OF THE HEARTLAND'S RESISTANCE TO:**<br><br>**(1) PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF DEFENDANT'S BILL OF COSTS PENDING PLAINTIFF'S APPEAL**<br><br>-AND-<br><br>**(2) PLAINTIFF'S MOTION TO STAY FURTHER BRIEFING AND DEFER DEFENDANT'S MOTION FOR ATTORNEYS' FEES WHILE APPEAL IS PENDING, OR FOR PERMISSION TO TAKE DISCOVERY TO RESPOND TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |

This Court should exercise its discretion and consider both Defendant Planned Parenthood of the Heartland's ("PPH") Bill of Costs and Motion for Reasonable Attorneys' Fees at this time. Rule 54 provides that requests for costs and fees should be filed and considered shortly after judgment is entered. Fed. R. Civ. P. 54; Local Rules 54 & 54A. Plaintiff's argument for deferral of these issues could "be made in every case, and would require that the general rule be changed to provide that costs and fees never be addressed pending appeal." *In re: Fresh & Process Potatoes Antitrust Litig.*, No. 4:10-MD-2186-BLW, 2016 WL 3919830, at *2 (D. Idaho July 18, 2016) (refusing to defer a decision on costs until after an appeal).

- 1 -

The advisory committee notes (the same ones relied upon by Plaintiff) explain the rationale for the standard procedure of considering the issues of fees and costs before a decision on appeal.

> Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.

Fed. R. Civ. P. 54 advisory committee's notes. Following this guidance, federal courts regularly stick to the normal procedures and refuse to defer consideration of costs and fees pending appeal because doing so "could result in piecemeal litigation, delayed justice, and a less efficient appellate process." *Trotta v. Lighthouse Point Land Co.*, No. 07-80269-CIV, 2008 WL 11412062, at *4 (S.D. Fla. Sept. 22, 2008), *report and recommendation adopted sub nom. Trotta v. Lighthouse Point Land Co., LLC*, No. 07-80269-CIV, 2008 WL 11412064 (S.D. Fla. Nov. 4, 2008); *see also Deferio v. City of Syracuse*, No. 516CV361LEKTWD, 2018 WL 3069200, at *2 (N.D.N.Y. June 21, 2018) (declining to defer consideration of fee motion until after an appeal); *In re: Fresh & Process Potatoes Antitrust Litig.*, 2016 WL 3919830 at *2.

Here, with an eight year old case addressing a number of issues, the Court should address costs and fees presently. The closeness in time to the Court's summary judgment ruling and overlap with some of the substantive issues addressed therein will allow the Court to make a determination on costs and fees while the issues and services are more freshly in its mind. Moreover, a quick resolution of these issues will allow for a consolidated appeal and aid judicial efficiency. Indeed, the parties appear in agreement that if fees and costs are considered now, they would "make arrangements with the Eighth Circuit to reset the scheduling in the appeal to account for the potential interposition of the fee issue as a consolidated case." (Dkt. 333 at 8.)

Further, PPH opposes Plaintiff's request to take discovery.  As she herself, points out, "[a] request for attorney's fees should not result in a second major litigation."  (Dkt. 333 at 3 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).)  Yet, that is the exact implication of her request for discovery.  Of course, some litigation is necessary as "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  For that reason, PPH filed papers documenting its fee request, including a brief explaining its entitlement to fees based on the prior filings in this case, the relevant law, and public statements by Plaintiff and her counsel about their goals.[1]  It is unclear what additional discovery would be relevant.  The only example Plaintiff gives is that she wants to show her "counsel made countless efforts to amicably and as expeditiously as possible resolve the many discovery issues that arose throughout the case." (Dkt. 333 at 4.)   But, Plaintiff already has access to any "emails, letters, and other communications" that she claims support her position.  (Dkt. 333 at 6.)

As noted by the case Plaintiff herself cites, "discovery in connection with fee motions should rarely be permitted."  *In re Diet Drugs*, 582 F.3d 524, 538 (3d Cir. 2009) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 338 (3d Cir. 1998)); *accord In re Genetically Modified Rice Litig*., 764 F.3d 864, 872 (8th Cir. 2014) (holding district court appropriately exercised its discretion by not permitting discovery on the issue of fees). Because Plaintiff already has everything she needs to address PPH's arguments and its request for reasonable fees, Plaintiff's request for discovery should be denied.

---

[1] Plaintiff erroneously claims PPH exceeded the page limit described in the local rules and asks for an extended page limit herself.  (Dkt. 333 at 8.)  PPH's brief was within the twenty-page limit.  Due to an inadvertent page numbering error, the brief starts on page five and as a result, appears to exceed twenty pages.  (Dkt. 332-1.)  PPH therefore opposes an extension of pages for Plaintiff's brief in response to PPH's fee request.

Therefore, for all of the foregoing reasons, PPH respectfully requests that this Court deny Plaintiff's Motion to Defer Consideration of Defendant's Bill of Costs Pending Plaintiff's Appeal, as well as Plaintiff's Motion to Stay Further Briefing and Defer Defendant's Motion for Attorneys' Fees While Appeal is Pending, or for Permission to Take Discovery to Respond to Defendant's Motion for Attorneys' Fees.

Dated:  July 1, 2020

Respectfully submitted,
/s/ Kristen C. Rodriguez
*One of the Attorneys for Defendant*

Alan S. Gilbert, *pro hac vice*
Kristen C. Rodriguez, *pro hac vice*
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Telephone: 312-876-8000
alan.gilbert@dentons.com
kristen.rodriguez@dentons.com

Jae Park, *pro hac vice*
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, California  92121
Telephone: 619-595-8064
jae.park@dentons.com

Carter White*, pro hac vice*
DENTONS US LLP
1221 Avenue of the Americas
New York, New York  10020-1089
Telephone: 212-398-7619
carter.white@dentons.com

Stanley J. Thompson
Jonathan C. Wilson
DAVIS BROWN KOEHN SHORS & ROBERTS PC
215 10th Street, Suite 1300
Des Moines, IA 50309
Telephone: 515-288-2500
stanthompson@davisbrownlaw.com
jonathanwilson@davisbrownlaw.com

*Attorneys for Defendant Planned Parenthood of the Heartland, Inc.*

# CERTIFICATE OF SERVICE

    I, Kristen C. Rodriguez, hereby certify that on July 1, 2020, I caused the foregoing **Defendant Planned Parenthood of the Heartland's Resistance to:** (1) **Plaintiff's Motion to Defer Consideration of Defendant's Bill of Costs Pending Plaintiff's Appeal** and (2) **Plaintiff's Motion to Stay Further Briefing and Defer Defendant's Motion for Attorneys' Fees While Appeal is Pending, or for Permission to take Discovery to Respond to Defendant's Motion for Attorneys' Fees** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

                                                                       /s/ Kristen C. Rodriguez