IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| SUSAN THAYER,<br><br>        Plaintiff,<br>vs.<br><br>PLANNED PARENTHOOD OF THE HEARTLAND,<br><br>        Defendant. | No. 4:11-cv-129-JAJ<br><br>**OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR REASONABLE ATTORNEYS' FEES** |

On May 20, 2020, after nine years of litigation, this court directed the entry of judgment in favor of defendant Planned Parenthood of the Heartland (PPH) and against relator Susan Thayer in this *qui tam* action under the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733.  This action now comes before the court on PPH's June 19, 2020, Motion For Reasonable Attorneys' Fees [Dkt. No. 332] seeking an award of approximately $2.1 million in attorney's fees against Thayer pursuant to 31 U.S.C. § 3730(d)(4) and against her attorneys pursuant to 28 U.S.C. § 1927.  After extensions of time to do so, Thayer filed her Resistance [Dkt. No. 346] on September 29, 2020, and PPH filed a Reply [Dkt. No. 353] on October 26, 2020.  For the reasons stated below, PPH's June 19, 2020, Motion For Reasonable Attorneys' Fees [Dkt. No. 332] is **DENIED**.

## I.    INTRODUCTION
### A.    *Background*

This case has been the subject of prior orders and opinions.  Thus, the statement of the factual and procedural background, here, is abbreviated.

Thayer, who had served as the center manager at several of PPH's clinics between 1991 and December 2008, filed her original *qui tam* Complaint on behalf of the United

States and the State of Iowa, on March 21, 2011, and an Amended Complaint on August 29, 2011.  On July 5, 2012, both the United States and the State of Iowa declined to intervene.  Thus, Thayer retained the right to conduct the action.  Thayer filed a Second Amended Complaint on July 26, 2012, and a Third Amended Complaint on November 5, 2015.

Count I of the Third Amended Complaint alleged that PPH violated numerous laws and regulations in the process of seeking reimbursement for oral contraceptive pills (OCPs) and birth control patches; Count II alleged that PPH violated state and federal law by seeking reimbursement for services performed related to abortions without revealing that the services were performed incident to abortions; and Count III alleged that PPH improperly insisted Medicaid-eligible clients pay a portion of the cost of their services without reducing the claim submitted for the service to reflect the patient's contribution.

In an Order dated June 21, 2016, the court granted in part and denied in part PPH's motion to dismiss the Third Amended Complaint.  More specifically, the court held that Count I stated an FCA claim with respect to allegations that PPH issued OCP prescriptions without or prior to authorization by a licensed practitioner, that Count II stated a claim, but that Count III failed to state a cognizable claim, so the court dismissed that claim with prejudice.

The parties pursued phased discovery, beginning with the remaining part of Count I. On April 17, 2017, pursuant to a stipulation of the parties, the court dismissed all state-law claims.  On April 1, 2019, the court denied Thayer's May 15, 2018, Motion For Partial Summary Judgment on Count I and granted PPH's May 15, 2018, Motion For Summary Judgment On Count I.  On May 19, 2020, the court denied Thayer's December 6, 2019, Motion For Partial Summary Judgment On Count II, granted PPH's December 6, 2019, Motion For Summary Judgment On Count II, and directed the Clerk of Court to enter judgment for defendant PPH.  Judgment entered accordingly the next day.

### *B.     The Motion Before The Court*

PPH now seeks its attorney's fees and expenses from Thayer pursuant to 31 U.S.C. § 3730(d)(4) and from her attorneys' pursuant to 28 U.S.C. § 1927.  In essence, PPH argues that Thayer's theories of liability evolved and materially changed, so that they were "moving targets," as she struggled to find a way to impose liability on PPH, but that her claims were ultimately revealed to be clearly frivolous, clearly vexatious, and brought primarily for purposes of harassment.  PPH argues that it was compelled to spend significant time and effort investigating and confronting arguments "conjured up" by Thayer, and then reviewing and producing documents that ended up playing no role in Thayer's arguments or the resolution of this case.  Indeed, PPH argues that this case was never about fraud on the government, but about Thayer's and her attorneys' political agenda to "defund" Planned Parenthood.  PPH also asserts that the fees it claims are reasonable in terms of hourly rates and time expended because of the complex legal and factual issues, the sensitive patient medical information involved, and the large potential exposure for PPH in this case.

In response, Thayer argues that she reasonably believed her claims had merit and that her attorneys pursued those claims in good faith.  Indeed, she contends that there was a dearth of caselaw and a plethora of evidence supporting her claims.  Thayer also contends that the court granted summary judgment on both of her claims on matters of first impression.  Thus, she argues that this is not the "rare case" in which an award of attorney's fees to a defendant in an FCA action is appropriate, because bankrupting her would be an injustice and badly undermine the FCA by chilling future whistle-blowers.  Thayer also argues that PPH's demand for $2 million in fees is excessive and vindictive and includes time spent on the case that PPH's attorneys would never think to bill to a client.

In reply, PPH argues that much of Thayer's response focuses on the supposed merits of her case, but she only succeeds in highlighting how she and her counsel have distorted the law and facts from the inception of the case to advance frivolous and meritless claims.

PPH argues that, at the same time, Thayer ignores ample evidence of her intent to harass PPH and her attorneys' intent to multiply the proceedings and punish PPH. PPH also reiterates that its fee claim is reasonable.

## II. LEGAL ANALYSIS
### A. Applicable Standards

As the Eighth Circuit Court of Appeals has explained,

> [T]he FCA authorizes [an award of attorney's fees] if "the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). The legislative history suggests, quite logically, that in determining whether to award attorney's fees under the FCA, courts should apply the familiar standards applied under 42 U.S.C. § 1988. *See* S.Rep. No. 99–345, at 29, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5294. We review these determinations for abuse of discretion. *See Peter v. Jax*, 187 F.3d 829, 833 (8th Cir.1999) (§ 1988 case), *cert. denied*, 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000); *Mikes [v. Strauss]*, 274 F.3d [687,] 704 [(8th Cir. 2001)] (FCA case). "In reviewing the district court's denial, we are mindful, 'The trial court knows the case best.'" *Wescott Agri–Products, Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094 (8th Cir.2012) (quotation omitted).

*U.S. ex rel. Onnen v. Sioux Falls Indep. Sch. Dist. No. 49-5*, 688 F.3d 410, 415 (8th Cir. 2012).

A district court may, in its discretion, decide not to grant any attorney's fees at all. *See, e.g., id.* Similarly, using § 1988 standards, a court may grant only a partial fee award to reflect a party's partial success. *See, e.g., Phelps-Roper v. Koster*, 815 F.3d 393, 398 (8th Cir. 2016). Furthermore, the Eighth Circuit Court of Appeals has explained,

> "[T]he relevant purpose of § 1988 [attorney's fees awards] is to relieve defendants of the burdens associated with fending off frivolous litigation." *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205, 2215, 180 L.Ed.2d 45 (2011). Thus, "[a] court may award prevailing defendants attorney's fees under section 1988 only

4

> if the plaintiff's claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so." *Flowers [v. Jefferson Hosp. Ass'n]*, 49 F.3d [391,] 392 [(8th Cir.1995)] (internal quotations marks and alterations omitted).

*Spectra Commc'ns Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1123 (8th Cir. 2015).

In *Onnen*, the court affirmed the district court's denial of attorney's fees, where the relator "survived defendants' motion to dismiss, and discovery revealed objective factual support for Onnen's claim," but it observed that it "would also have affirmed an award of attorney's fees because the record contains indications that Onnen's unsupported claims were asserted primarily for vengeful harassment." *Onnen*, 688 F.3d at 415. As the court explained,

> Our conclusion is influenced somewhat by defendants' urging of an alternative ground that prompted the Attorney General to appear as amicus curiae to urge a proper interpretation of the relevant federal statutes. It is appropriate that defendants pay their own attorney's fees when they chose, unnecessarily, to use this case in a misguided attempt to obtain blanket immunity from FCA liability.

*Onnen*, 688 F.3d at 415. Thus, it is appropriate to consider the conduct of *both* the relator and the defendant in deciding whether an award of the defendant's attorney's fees is appropriate.

Again, using § 1988 for guidance, the Eighth Circuit Court of Appeals has explained that, "[t]o calculate attorney's fees [under § 1988], courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates," and "[w]hen determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (internal quotation marks and citations omitted). This amount is then considered in light of the so-called "*Hensley* factors," set out in

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). *See, e.g., Kahle v. Leonar*d, 563 F.3d 736, 743 and n.1 (8th Cir. 2009).

While § 3730(d)(4) allows an award of attorney's fees against a *relator* in appropriate circumstances, 28 U.S.C. § 1927 provides, "Any *attorney . . .* who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added). Much as with § 3730(d)(4), a court may decline to award attorney's fees against an attorney under § 1927 if the attorney "had an objectively reasonable basis" for its actions in the litigation. *See, e.g., Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 484 (8th Cir. 2015). On the other hand, some time ago, the Eighth Circuit Court of Appeals explained, "Section 1927 warrants sanctions when an attorney's conduct viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Tenkku v. Normandy Bank*, 348 F.3d 737, 743–44 (8th Cir. 2003) (internal quotation marks and citation omitted).

### *B.    Discussion*

The court is not unsympathetic to some of PPH's contentions that Thayer's claims were moving targets, which prolonged and complicated the litigation, or that, ultimately, the court found Thayer's evidence insufficient to withstand summary judgment. Furthermore, the court acknowledges that PPH's success was not partial, which might warrant an award of only partial attorney's fees, *see Phelps-Roper*, 815 F.3d at 398 (§ 1988 case), but total, as all of Thayer's claims were ultimately defeated.

Nevertheless, where § 1988 provides guidance for application of § 3730(d)(4), it follows that the purpose of § 3730(d)(4) is also "'to relieve defendants of the burdens associated with fending off frivolous litigation,'" *Spectra Commc'ns Grp., LLC*, 806 F.3d at 1123 (quoting *Fox*, 563 U.S. at 836), and not just "frivolous" litigation but "*clearly* frivolous" litigation, 31 U.S.C. § 3730(d)(4) (emphasis added). Here, the court concludes

that Thayer's action was not "*clearly* frivolous," nor for that matter was it "*clearly* vexatious, or brought *primarily* for purposes of harassment." 31 U.S.C. § 3730(d)(4) (emphasis added). This is so, because Thayer's claims were not wholly lacking in objective factual support, even if those facts were insufficient to defeat summary judgment under the legal standards the court found were applicable. *Onnen*, 688 F.3d at 415. Indeed, the court does not find Thayer's claims were substantially more frivolous or factually unsupported than PPH's misguided attempt to convince the court that it lacked subject matter jurisdiction over Thayer's claims pursuant to the "public disclosure bar" in 31 U.S.C. § 3730(e)(4). The court summarily rejected that attempt in its April 1, 2019, Opinion And Order Regarding Cross-Motions For Partial Summary Judgment [Dkt. No. 279], 16-20. *See Onnen*, 688 F.3d at 415 (showing that it is appropriate to consider the conduct of both the relator and the defendant in deciding whether it is appropriate to award the defendant its attorney's fees under § 3730(d)(4)).

The court is also unpersuaded by PPH's argument that Thayer continued to litigate this action after it became clearly apparent that her claims were frivolous, unreasonable, or groundless, *see Spectra Commc'ns Grp., LLC*, 806 F.3d at 1123 (§ 1988 case) (citing *Flowers*, 49 F.3d at 392), thus suggesting a purpose to harass. It did not become apparent that the claims were "groundless" until the court's summary judgment rulings, which brought the case to final judgment.

For many of the same reasons, the court also concludes that an award of attorney's fees against Thayer's attorneys is not appropriate pursuant to 28 U.S.C. § 1927. Again, even if based on somewhat strained arguments at times, the attorneys' actions were not without "an objectively reasonable basis." *Convent Corp.*, 784 F.3d at 484. Simply continuing to push the litigation forward after interim defeats is not the same as "unreasonably and vexatiously" multiplying the litigation. 28 U.S.C. § 1927. Moreover, the scope of discovery was overseen by a magistrate judge, so that the court is not inclined to award sanctions against Thayer's attorneys based on PPH's hindsight argument that

discovery was overbroad, overly time-consuming, and overly expensive. Although the court finds that Thayer's attorneys' conduct was sometimes ill-advised, the court does not find that conduct, viewed objectively, manifests either intentional or reckless disregard of the attorneys' duties to the court. *Tenkku*, 348 F.3d at 743–44.

Ultimately, this action did not involve anything substantially different from the rough and tumble—and sometimes strained arguments on both sides—typical of American litigation over the last several decades. Instead, the court concludes that this is a case in which it is appropriate to apply the general American Rule, which requires each party bears its own costs. *See St. Louis Effort for AIDS v. Lindley-Myers*, 877 F.3d 1069, 1071 (8th Cir. 2017) ("The 'basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" (quoting *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121, 126 (2015)).

### III.    CONCLUSION

Upon the foregoing,

**IT IS ORDERED** that defendant PPH's June 19, 2020, Motion For Reasonable Attorneys' Fees [Dkt. No. 332] is **denied**.

**DATED** this 28th day of October, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA